IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA MARISOL DUNCAN, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. 5:14-CV-00912-FB |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
|     Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Defendant JPMorgan Chase Bank, N.A. ("Chase") and answers Plaintiff's Original Complaint (the "Complaint") in this action as follows:

To the extent that the headings, preamble, or jury demand in the Complaint require a response, Chase denies the allegations contained therein. With respect to the numbered paragraphs in the Complaint, Chase answers as follows:

## ADMISSIONS & DENIALS

1. The allegations in paragraph 1 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

2. The allegations in paragraph 2 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

3. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3. The allegations in the second sentence of paragraph 3 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

4. Chase admits that it is a national bank chartered by the Office of the Comptroller of the Currency and that it is the successor by merger to Chase Home Finance, LLC. Chase denies all remaining allegations.

5. Chase admits that it conducted a trustee's sale of Plaintiff's property on December 4, 2012. Chase also admits that the Federal National Mortgage Association successfully bid on and purchased the property for $194,288.72. Chase denies all remaining allegations.

6. Chase admits that Plaintiff had a Bank One credit card. Chase denies all remaining allegations.

7. Chase denies the allegations in paragraph 7.

8. Chase admits that it accessed Plaintiff's Experian credit file on July 23, 2013; September 9, 2013; October 25, 2013; November 8, 2013; November 15, 2013; January 9, 2014; February 21, 2014; March 7, 2014; March 17, 2014; April 14, 2014; May 9, 2014; May 15, 2014; June 9, 2014; and July 10, 2014. Chase denies all remaining allegations.

9. The allegations in paragraph 9 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

10. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10. The allegations in the second sentence of paragraph 10 are conclusions of law and no response is required. Chase admits that Experian provides consumer reports to third parties.

11. Admitted.

12. Admitted.

13. The allegations in paragraph 13 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

14. Chase admits that it accessed Plaintiff's Experian credit file on July 23, 2013 pursuant to a general or specific certification to Experian.

15. Chase admits that it accessed Plaintiff's Experian credit file on September 9, 2013 pursuant to a general or specific certification to Experian.

16. Denied.

17. Chase admits that it accessed Plaintiff's Experian credit file on November 8, 2013 pursuant to a general or specific certification to Experian.

18. Chase admits that it accessed Plaintiff's Experian credit file on November 15, 2013 pursuant to a general or specific certification to Experian.

19. Chase admits that it accessed Plaintiff's Experian credit file on January 9, 2014 pursuant to a general or specific certification to Experian.

20. Chase admits that it accessed Plaintiff's Experian credit file on February 21, 2014 pursuant to a general or specific certification to Experian.

21. Chase admits that it accessed Plaintiff's Experian credit file on March 7, 2014 pursuant to a general or specific certification to Experian.

22. Chase admits that it accessed Plaintiff's Experian credit file on March 17, 2014 pursuant to a general or specific certification to Experian.

23. Chase admits that it accessed Plaintiff's Experian credit file on April 14, 2014 pursuant to a general or specific certification to Experian.

24. Chase admits that it accessed Plaintiff's Experian credit file on May 9, 2014 pursuant to a general or specific certification to Experian.

25. Chase admits that it accessed Plaintiff's Experian credit file on May 15, 2014 pursuant to a general or specific certification to Experian.

26. Chase admits that it accessed Plaintiff's Experian credit file on June 9, 2014 pursuant to a general or specific certification to Experian.

27. Denied.

28. Chase admits that Plaintiff purports to bring this case on behalf of herself and others. Chase admits that Plaintiff proposes a class as described in paragraph 28. Chase denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations.

29. Chase denies the allegations in the first and second sentences of paragraph 29. Chase admits that it took the position in *Sleezer v. Chase Bank USA, N.A.*, in agreeing that the numerosity requirement was met for purposes of certifying a class for settlement purposes only, that it had "no way of identifying the number or identity of potential class members," but that it was "reasonable to assume that the number of class members here would exceed the minimum required to certify a class." Dkt. No. 53 at 9, No. 5:07-cv-961 (W.D. Tex. Jan. 12, 2009). Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 29.

30. Denied.

31. Denied.

32. Chase denies sufficient knowledge or information to admit or deny the allegations in paragraph 32.

33. Denied.

34. Denied. Chase admits that a class was certified for settlement purposes only in *Sleezer*. Chase denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the last sentence of paragraph 34.

35. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and affect as if fully set forth here.

36. The allegations in paragraph 36 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

37. To the extent that paragraph 37 purports to characterize, quote from, or summarize the FCRA, 15 U.S.C. § 1681 *et seq.*, Chase respectfully refers the Court to the language of that statute for a complete and accurate recitation of its contents.

38. To the extent that paragraph 38 purports to characterize, quote from, or summarize the FCRA, 15 U.S.C. § 1681 *et seq.*, Chase respectfully refers the Court to the language of that statute for a complete and accurate recitation of its contents.

39. Denied.

40. Denied.

41. The allegations in paragraph 41 are conclusions of law and no response is required. To the extent that a response is required, Chase denies the allegations.

42. The allegations in paragraph 42 are conclusions of law and no response is required. To the extent that a response is required, Chase denies the allegations.

43. The allegations in paragraph 43 are conclusions of law and no response is required. To the extent that a response is required, Chase denies the allegations.

## **DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Chase asserts the following defenses. Chase reserves the right to assert further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members.

**FIRST DEFENSE**

Plaintiff lacks standing to sue under Article III of the United States Constitution for lack of a concrete and particularized injury.

**SECOND DEFENSE**

Plaintiff fails to state any claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims for punitive damages are barred in whole or in part by the Due Process Clause and Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice Remedies & Remedies Code, and other applicable law.

**FOURTH DEFENSE**

Plaintiff's claim is barred by waiver.

**FIFTH DEFENSE**

Plaintiff's claim is barred by Plaintiff's failure to mitigate her alleged damages.

**SIXTH DEFENSE**

Even if not applicable to Plaintiff, some or all of the defenses asserted above may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, Chase reserves the right to identify and advance any further defenses that may apply to persons other than the named Plaintiff, including but not limited to the fact that persons other than the named Plaintiff signed written authorizations and acknowledgments permitting Chase to obtain or use their credit bureau information.

## PRAYER

WHEREFORE, premises considered, Defendant JPMorgan Chase Bank, N.A. prays that the Court dismiss Plaintiff's claims with prejudice and for all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Michael B. Goldberg*
Noah A. Levine, Attorney-in-Charge
(*Pro Hac Vice* Application Pending)
New York Bar No. 670859
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
212-230-8875 Telephone
212-230-8888 Facsimile
noah.levine@wilmerhale.com

Michael B. Goldberg
Texas Bar No. 24034784
PARKER IBRAHIM & BERG LLC
300 Convent Street, Suite 1250
San Antonio, Texas 78205
210-503-8300 Telephone
210-528-1010 Facsimile
michael.goldberg@piblaw.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing is being electronically filed with the Court and served on all counsel of record via CM/ECF on this the 16th day of December, 2014

Charles Riley
Darby Riley
320 Lexington Avenue
San Antonio, Texas 78215
ATTORNEYS FOR PLAINTIFF

*/s/ Michael B. Goldberg*
Michael B. Goldberg