IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Eva Marisol Duncan

    Plaintiff,

vs.

JPMorgan Chase Bank, N.A.

    Defendant.

Civil Action No.  SA-14-CA-912-FB

## JOINT PROPOSED DISCOVERY PLAN

**TO THE HONORABLE FRED BIERY, CHIEF UNITED STATES DISTRICT JUDGE:**

Pursuant to Fed. R. Civ. P. 26(f), the parties to this action met and conferred on February 5, 2015. The conference was held via telephone. Charles Riley of Riley & Riley and H. Anthony Hervol of the Law Office of H. Anthony Hervol participated on behalf of plaintiff Eva Marisol Duncan. Michael Goldberg of Parker Ibrahim & Berg LLC and Alan Schoenfeld of Wilmer Cutler Pickering Hale and Dorr LLP participated on behalf of defendant JPMorgan Chase Bank, N.A. ("Chase").

    **A.**    *Initial disclosures (Rule 26(f)(3)(A))*. The parties have agreed to exchange initial disclosures by February 28, 2015.

    **B.**    *Discovery: subjects, schedule, and phasing (Rule 26(f)(3)(B))*.

The parties submit that discovery may be needed in this action concerning the following subjects:

*Plaintiff*: All account relationships between Plaintiff and Defendant; any procedures related to eliminating closed accounts from the credit report access system; any changes made to Defendant's systems and its closed account protocol/procedures after the *Sleezer v. Chase* case;

issues related to class identification, numerosity, commonality, typicality, adequacy, superiority, predominancy and all other class certification issues; any other related FCRA litigation concerning impermissible access by Defendant; net worth of Defendant.

*Defendant*: Plaintiff's account history with Chase, including but not limited to her mortgage default, litigation concerning the foreclosure of the property securing her mortgage, and settlement of that litigation with Chase; Plaintiff's alleged damages; Plaintiff's suitability as a class representative; and the suitability of Plaintiff's claims for prosecution on a class basis, including but not limited to the four prerequisites for certification under Federal Rule of Civil Procedure 23(a), as described in this Court's Local Rules, Appendix A.

The parties anticipate that they may introduce expert testimony in connection with any motion for class certification Plaintiff may file.

The parties propose that the deadline for completion of fact discovery be set as August 17, 2015, and the deadline for completion of expert discovery be set as December 15, 2015.

**C.**     *Electronically stored information ("ESI") (Rule 26(f)(3)(C))*.  The parties agree that discovery in this case will involve the production of ESI—including, *e.g.*, system notes account information, and electronically stored customer communications—and intend to negotiate in good faith a protocol for the production of such information.  The parties have mutually represented each has taken the necessary steps to comply with its preservation obligations.  Finally, because some ESI may be inaccessible or costly to restore, the parties agree to negotiate in good faith to ensure that each has reasonable access to responsive discovery without imposing an undue burden on the other.

**D.**     *Privilege and confidentiality (Rule 26(f)(3)(D))*.  The parties agree that discovery in this case is likely to implicate highly confidential and proprietary information relating to Chase's

business, as well as potentially sensitive personal financial information.  The parties accordingly agree that a Stipulation and Order of Confidentiality will be necessary in this case, and agree to negotiate in good faith regarding the terms of such stipulation and order.  The parties agree that neither will produce any documents or information until such an order has been entered by the Court.  Any Stipulation and Order of Confidentiality the parties negotiate will include provisions for the treatment of privileged and work-product protected material.

   E.   *Changes to discovery limits (Rule 26(f)(3)(E)).*  The parties agree there is currently no need for any changes to the discovery limits imposed by the applicable rules, but each reserves its right to revisit the issue and move the Court to order such changes in the event it believes in good faith that such changes are necessary.

Dated:  February 16, 2015

RILEY & RILEY

__/s/ Charles Riley_____
Charles Riley
Darby Riley
320 Lexington Avenue
San Antonio, Texas 78215
charlesriley@rileylawfirm.com

and

H. Anthony Hervol
LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
hervol@sbcglobal.net

*Attorneys for plaintiff Eva Marisol Duncan*

Respectfully submitted.

WILMER CUTLER PICKER HALE AND DORR LLP

  */s/ Noah A. Levine*_____
Noah A. Levine (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich St.
New York, New York 10007
noah.levine@wilmerhale.com

and
Michael Goldberg
PARKER IBRAHIM & BERG LLC
300 Convent Street, Suite 1250
San Antonio, Texas 78205
michael.goldberg@piblaw.com

*Attorneys for defendant JPMorgan Chase Bank, N.A.*