**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EVA MARISOL DUNCAN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL NO. SA-14-CA-00912-FB** |
| | * | |
| **JPMORGAN CHASE BANK, N.A.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**ORDER**

Before the Court is the Unopposed Motion for (1) Preliminary Approval of the Terms of the Proposed Settlement, (2) Conditional Certification of a Settlement Class, and (3) Approval of Proposed Notice to the Class. (Docket no. 28). The motion shall be **GRANTED.**

WHEREAS, Plaintiff Eva Marisol Duncan, on behalf of herself and the Settlement Class, and Defendant JPMorgan Chase Bank, N.A. and Chase Bank USA, N.A. (collectively referred to herein as "Chase") have reached a proposed settlement and compromise of the dispute between them, which is set forth in the Settlement Agreement filed with the Court; and

WHEREAS, Plaintiff has applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

WHEREAS, the Court has fully considered the Motion and exhibits thereto, the Settlement, the record in these

proceedings, the representations, argument, and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons identified below should be appointed class representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for a service award for Plaintiff, and the rights of Settlement Class members to opt out of the Settlement or object to the Settlement, attorneys' fees and expenses, and/or request for a service award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil

Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter final judgment, and whether to grant attorneys' fees and expenses and a service award for Plaintiff; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved. (Docket no. 28).

**IT IS HEREBY ORDERED:**

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to **28 U.S.C. § 1331** and **15 U.S.C. § 1681p**.

3. Venue is proper in this District.

4. "Settlement classes are a typical feature of modern class litigation, and courts routinely certify them, under the guidance of ***Amchem Products, Inc. v. Windsor***, 521 U.S. 591 (1997), to facilitate the voluntary resolution of legal disputes." ***In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010***, 910 F.Supp.2d 891, 913 (E.D. La. 2012), *aff'd sub nom.*, ***In re Deepwater Horizon***, 739 F.3d 790 (5th Cir. 2014), *cert. denied sub nom.*, ***BP Expl. & Prod. Inc. v. Lake Eugenie Land & Dev., Inc.***, 135 S.Ct. 754 (2014). In deciding whether to provisionally certify a settlement class, a

court must consider the same factors that it would consider in connection with a proposed litigation class. Specifically, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied, except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for one. ***Amchem***, 521 U.S. at 620. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Class:

> All persons who were borrowers or guarantors on a Chase account or Chase serviced account and whose Consumer Report Information was accessed by Chase through an Account Review Inquiry during the period October 16, 2009 through October 16, 2014, at a time when the subject account met any one of the following criteria: (1) the account was closed with a zero balance; (2) the account had been sold or transferred to a third party; (3) the debt on the account had been discharged in bankruptcy; (4) Chase had foreclosed the property securing the account loan; and (5) Chase had sold in a short sale or had transferred through a deed in lieu of foreclosure the property securing the account loan. Excluded from the Class are all current Chase employees, officers and directors, and the judge and magistrate judge presiding over this Action and their respective staff.

5. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) Numerosity: Roughly 2.2 million individuals nationwide are members of the proposed Settlement Class. Their

joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. ***See, e.g., Mullen v. Treasure Chest Casino, LLC***, 186 F.3d 620, 624 (5th Cir. 1999)(numerosity satisfied where "the class would likely consist of between 100 and 150 members" who are "geographically dispersed").

(b) Commonality: "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claims." ***Deepwater Horizon***, 739 F.3d at 810. Here, the commonality requirement is satisfied because the validity of each class member's claim hinges on questions of law and fact concerning Chase policies and practices for conducting Account Review Inquiries common to the Settlement Class.

(c) Typicality: Plaintiff's claims are typical of the Settlement Class for purposes of this settlement because Plaintiff's and the Settlement Class's claims concern the same alleged Chase policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. ***See, e.g., James v. City of Dallas, Tex.***, 254 F.3d 551, 571 (5th Cir. 2001) (typicality satisfied where "claims arise from a similar course of conduct and share the same legal theory"); ***In re Oil Spill by Oil Rig Deepwater Horizon***, 910 F.Supp.2d at 911 (same).

(d) Adequacy: The adequacy requirement under Rule 23(a)(4) "serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent" and "mandates an inquiry into (1) the zeal and competence of the representative's counsel; and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." ***Berger v. Compaq Computer Corp.***, 257 F.3d 475, 479-80 (5th Cir. 2001) (citations omitted). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action. Moreover, Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for millions of Settlement Class Members in a single, coordinated proceeding is superior to millions of individual lawsuits addressing the same legal and factual issues. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive

to warrant adjudication by representation. In order to 'predominate,' common questions must constitute a significant part of the individual cases." ***Billitteri v. Sec. Am., Inc.***, No. 3:09-CV-01568-F, 2011 WL 3586217, at *6 (N.D. Tex. Aug. 4, 2011) (*quoting* ***Amchem***, 521 U.S. at 623; ***Jenkins v. Raymark Indust., Inc.***, 782 F.2d 468, 472 (5th Cir. 1986)(internal quotation marks omitted)). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because there is a sufficient common question of whether Chase had a permissible purpose under the FCRA to conduct its Account Review Inquiries with respect to the Settlement Class Members.

6. This Court hereby appoints Eva Marisol Duncan as class representative.

7. The Court appoints the law firms of Riley & Riley, Law Office of H. Anthony Hervol, and Bingham and Lea, P.C. as settlement Class Counsel.

8. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." **4 Newberg on Class Actions § 13:15** (5th ed. 2015). Preliminary approval is appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives

or segments of the class, and falls within the range of possible judicial approval." ***In re Shell Oil Refinery***, 155 F.R.D. 552, 555 (E.D. La. 1993). Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.

9. The Court preliminarily approves the Settlement, and the exhibits appended to the Settlement Agreement, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits attached thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

10. A Final Approval Hearing shall be held before this Court on **April 27, 2016**, at Courtroom A, Fourth Floor, John H. Wood, Jr., United States Courthouse, 655 E. Cesar E. Chavez Blvd., San Antonio Texas 78206, commencing at **9:30 a.m.** CST, to

address: (a) whether the proposed Settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether to enter a judgment and order of dismissal with prejudice; (c) whether the Settlement Class should be finally certified for settlement purposes; and (d) whether to approve Class Counsel's Attorneys' Fees and Costs application and the Service Award to Plaintiff, and in what amount. Papers in support of final approval of the Settlement, Class Counsel's application for fees and costs, and the Service Award to Plaintiff shall be filed with the Court according to the schedule set forth in Paragraph 23 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class, but any change will be posted to the Settlement Website. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the settlement of the Released Claims, the Releasing Parties, and the Released Parties.

11. The Court approves, as to form and content, the use of Mail Notice, Long-Form Notice, and Publication Notice substantially similar to the forms attached as Exhibits A, B, and C to the Settlement Agreement, respectively. The Court approves the Notice Program as set forth in the Settlement

Agreement and Motion for Preliminary Approval, and directs that it be commenced. The Settlement Administrator will provide Class Counsel and Chase with one or more affidavits to confirm that the Notice Program was given in accordance with the Parties' instructions and the Court's approval. Class Counsel will file the affidavit(s) with the Court as an exhibit to or in conjunction with Plaintiff's motion for final approval of the Settlement.

12. The cost of the Notice Program and settlement administration shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

13. The Notice Program as implemented as directed in this Order, constitutes the best notice practicable under the circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of the United States Constitution and the Federal Rules of Civil Procedure.

14. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants ("KCC") is hereby appointed as Settlement

Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

15. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore to not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Long-Form Notice posted on the Settlement Website, a timely and valid written request for exclusion postmarked no later than **March 23, 2016**, which is 90 days after the Notice Deadline.

16. Each request for exclusion must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Class Member as a group, aggregate, or class involving more than one Settlement Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

17. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims

pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

18. Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order.

19. In the event that the number of valid op-outs equals or exceeds the number specified in a separate letter executed concurrently with the Settlement by Class Counsel and Chase, Chase, in its sole discretion, may terminate the Settlement pursuant to the terms in the Settlement Agreement. The number shall be confidential except to the Court, who shall upon request be provided with a copy of the letter for in camera review. In the event that the Settlement is terminated pursuant to this provision, Plaintiff and Chase will be returned to the status quo ante as if no settlement had been negotiated or entered into.

20. Any Settlement Class Member who does not opt out may object to the proposed Settlement, to Class Counsel's requested Attorneys' Fees and Costs application, or to the Service Award, provided that the objection fully complies with the provisions of the Settlement Agreement that will be posted on the Settlement Website and the objection is filed with the Court by **March 23, 2016**, which is 90 days after the Notice Deadline. Any

such objecting Class Member shall have the right to appear and be heard at the Final Approval Hearing (though is not required to do so), either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must indicate the intention to appear in his or her objection. All objections must be personally signed by the Settlement Class Member (an attorney's signature will not suffice). Any Settlement Class Member that fails to file a timely objection shall be deemed to have waived his or her objections and be barred from making any such objections in this Action or in any other action or proceeding. Further, failure of an objecting Settlement Class Member to provide all the information set forth in Paragraph 52 of the Settlement Agreement that will be posted on the Settlement Website will constitute grounds for striking the objection.

21. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement and this Order are not, and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, or could have been, or in the future might be asserted in the

Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Chase has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

22. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.

23. Further proceedings in this matter shall proceed according to the following schedule:

| **EVENT** | **SCHEDULED DATE** |
|---|---|
| Notice Deadline | 60 days after entry of this Preliminary Approval Order |
| Last day for Class Members to opt out of Settlement (Opt-Out Deadline) | 90 days after the Notice Deadline |
| Last day for objections to the Settlement to be filed with the Court (Objection Deadline) | 90 days after the Notice Deadline |
| Last day to submit a Claim Form (Claim Deadline) | 90 days after the Notice Deadline |
| Attorneys' Fees and Costs application due | 30 days prior to the Objection Deadline |

| | |
|---|---|
| Service Award application due | 30 days prior to the Objection Deadline |
| Plaintiff files motion for final approval of the Settlement | 14 days prior to the Final Approval Hearing |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 10, but no earlier than 30 days after the Objection Deadline |

24. Service of all non-electronically filed papers on counsel for the parties shall be made as follows: **For settlement Class Counsel**, to Riley & Riley 320 Lexington, San Antonio, Texas 78215; **for Chase**, Noah A. Levine, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street New York, New York 10007.

25. Pending the final determination of whether the Settlement should be approved, Plaintiff and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any person in the Settlement Class who has timely and properly opted out from the Settlement Class as

permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated thereby, this Order, and the Court’s flexibility and authority to effectuate the Settlement Agreement and to enter judgment when appropriate, and is ordered in aid of this Court’s jurisdiction and to protect its judgments.

26. In the event that any of the provisions of this Preliminary Approval Order is asserted by Chase as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not

subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's flexibility and authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

27. If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over Plaintiff, Chase, and the Settlement Class Members with respect to all matters arising out of, related to, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiff and Chase, without further notice to the Settlement Class Members.

28. In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action. In such event, the Settlement Agreement, exhibits,

attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

29. The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

It is so **ORDERED.**

**SIGNED** October 21, 2015.

**JOHN W. PRIMOMO**
**UNITED STATES MAGISTRATE JUDGE**