FILED

MAR 28 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ 

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| EVA MARISOL DUNCAN<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 5:14-cv-00912-FB-JWP |

## OBJECTION OF AMIRALI JABRANI

## INTRODUCTION

Before the Court is a proposed common fund settlement in a Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* case against JPMorgan Chase Bank, N.A. with a $8,750,000 million fund that covers costs of settlement administration, service awards, notice, attorneys' fees and expenses, payments to the class following a claims procedure. The proposed settlement is not fair, adequate and reasonable; and the proposed award of attorneys' fees and expenses is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

Amirali Jabrani
2038 Moondance Court
O'Fallon, Missouri 63368
(314) 706-1624
alijabrani24@gmail.com

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. The basis on which Objector claims to be a class member is contained in his declaration and exhibits thereto; specifically, the postcard notice received by Objector states that Chase's records indicate he is a class member. *See* Declaration of Amirali Jabrani, Exhibit A hereto, incorporated by reference as though set forth in full.

Objector's signature is contained on his declaration. I am represented by and have sought legal advice and assistance in this matter from Bandas Law Firm, P.C., Corpus Christi, Texas (www.bandaslarvfirm.com) and this document was prepared

with the assistance of counsel; no special favor or treatment is requested due to the fact that any document is submitted as pro se. I am mailing this objection as indicated above and below, to the Court and to the attorneys identified. The statement of the objections and the grounds thereof are set forth below. Objector does not intend on appearing or testifying at the fairness hearing either in person or through counsel, but asks that this objection be submitted on the papers for ruling at that time. Objector will not call any persons to testify at the Final Approval Hearing in support of the objection. Objector relies upon the documents contained in the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are vague and unnecessary, are not adequately described in the class notice, are unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23. Objector joins in and incorporates by reference the objections filed by other class member-objectors to the extent not inconsistent with this Objection.

## OBJECTIONS

**The Proposed Settlement Is Not Fair, Adequate And Reasonable.**

Objection is made that the proposed settlement in this case, which favors class counsel and Chase at the expense of the class members, is unfair, inadequate, and unreasonable. FED. R. CIV. P. 23(e). In order to approve a proposed class action

settlement, the district court must find that the settlement is fair, adequate and reasonable. *Id.*; *Ibarra v. Texas Employment Commission*, 823 F.2d 873 (5th Cir.1987); *Parker v. Anderson*, 667 F.2d 1204 (5th Cir.1982), *cert. denied*, 459 U.S. 828 (1982). The reason for requiring court approval is to protect the rights of absent class members, in addition to the named plaintiffs, whose interests may be compromised by the settlement. *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195 (5th Cir. 1981), *cert. denied*, 456 U.S. 998 (1982). The "burden is on the settlement proponents to persuade the court that the agreement is fair, reasonable, and adequate for the absent class members who are to be bound by the settlement." *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 196 (5th Cir. 2010) (citing 4 Newberg on Class Actions § 11:42 at 118; American Law Institute, Principles of the Law: Aggregate Litigation § 3.05(c) at 204 (2010) (hereinafter "Aggregate Litigation")).

The proposed settlement in this Fair Credit Reporting Act ("FCRA") class action brought against J.P. Morgan Chase Bank, N.A. ("Chase"), extends to "[r]oughly 2.2 million individuals nationwide" who are "members of the proposed settlement class." Preliminary Approval Order, at ¶ 5(a) (Doc. 29). According to Plaintiff's Original Complaint, based on Chase's willful conduct, "Plaintiff and the class are entitled to $100-$1000 each, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. §1681n." Original Complaint, at ¶ 2 (Doc. 1).

Even at the low end range of the class counsels' damages' model, the minimum

value of the class members' claims is $220 million ($100 x 2,200,000 class members). Yet, the proposed settlement only provides a total gross settlement fund of $8.75 million, which is pennies on the dollar relative to the $220 million value of the claims. And that is taking the *lowest* estimation of Plaintiff's damages range. As such, objection is made that the proposed settlement is grossly inadequate, and is neither fair nor reasonable to the class. FED. R. CIV. P. 23(e). *Katrina Canal Beaches*, 628 F.3d at 195 ("The court must be assured that the settlement secures an adequate advantage for the class in return for the surrender of litigation rights against the defendants" (quoting 4 Newberg § 11:46 at 133).

The already inadequate settlement fund will be depleted by the necessarily high costs of administration of the settlement, not to mention class counsel's requested 33.33% of the gross settlement fund, leaving the relatively meager proposed settlement fund even more inadequate, unreasonable, and unfair to the class. Settlement Agreement, at 14, ¶ 72 (Doc. 28-1) ("In no event, however, shall Chase ever be required to pay more than a total of $8,750,000.00 to the Settlement Class, inclusive of all attorneys' fees, costs, and expenses, the Service Award, as well as the costs of Settlement administration and the Notice Program.").[1] Without even considering expenses and the administration of the settlement, the 33.33% in

---

[1] "Chase agrees not to oppose Class Counsel's request for attorneys' fees and costs and expenses up to 33.33% of the Settlement Fund. Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Fund." Settlement Agreement, at 16, ¶ 80.

attorneys' fees is $2,916,375, which brings the net settlement fund down to $5,833,625, a grossly inadequate amount relative to the $220 million value of the class members' claims. Settlement Agreement, at 14, ¶¶ 70-72 (Doc. 28-1) (paying out class counsel and administration before distributing the net settlement fund to class members who file a claim).

The value of the settlement to the class is further diminished by the claims-made structure of the settlement. According to class counsel, approximately 300,000 of the 220 million class members have filed claims, which is a 13.6% claims rate less than a month before the claim deadline. "Unopposed"[2] Motion and Brief for: Approval of Service Award to the Class Representative and for Approval Award of Class Counsel's Attorneys' Fees and Expenses, at p. 3, ¶ 6 (Doc. 32). This means 86% of the class members will receive nothing from the settlement.

Class counsel seeks to compensate for the clearly inadequate settlement fund by reference to practice changes that supposedly add value to the settlement. *Id.* at 2, ¶ 4. Yet, this claimed relief is illusory. It does not require Chase to do anything to compensate individuals harmed, nor does it benefit the settlement class as defined as it involves future acts, and the class members consist of individuals who were former customers whose accounts are closed.

Objection is also made that class counsel is inadequate for negotiating the

---

[2] Obviously, the style of this supposed "Unopposed" motion, filed prior to the end of the period for objections, is misleading. To be clear, this motion is vigorously opposed by Objector.

foregoing unfair settlement, which ensures minimal payout by Chase in exchange for substantial attorneys' fees for class counsel, all at the expense of the class members. FED. R. CIV. P. 23(g)(4)("[c]lass counsel must fairly and adequately represent the interests of the class").

Further, objection is made to the cy pres component of the settlement. The class notice provides: "If there are any funds remaining in the Settlement Fund after payments are made to Settlement Class Members, any remaining funds will be distributed to a nonprofit organization or organizations agreed upon by Class Counsel and Chase and approved by the Court."  Objection is made to the cy pres component of the settlement to the extent that: (1) the charities are insufficiently identified; (2) there is an insufficient nexus between the unidentified charities and the FCRA claims pursued and the settlement class and (3) it results in the payment to a charity or charities before the class is made whole.

**Class Counsel's Fee Request Is Excessive.**

The proposed settlement improperly awards class counsel clearly excessive attorneys' fees. With regard to determining the reasonableness of the amount of attorneys fees, a "district court is not bound by the agreement of the parties." *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir.1998) (quoting *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir.1980); *Foster v. Boise–Cascade, Inc.*, 577 F.2d 335, 336 (5th Cir.1978)). "The court must scrutinize the agreed-to fees under the standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), and not merely

'ratify a pre-arranged compact."' *Strong*, 137 F.3d at 849 (quoting *Piambino*, 610 F.2d at 1328). "Even when the district court finds the settlement agreement to be untainted by collusion, fraud, and other irregularities, the court must thoroughly review the attorneys' fees agreed to by the parties in the proposed settlement agreement." *Id.* at 850.

Class Counsel seeks 33.33% of the Settlement Fund for prosecuting the class action. Class Notice, at ¶ 19. Objection is made that this amount improperly exceeds the typical benchmark of 25% to 30%. *Jones v. JGC Dallas LLC*, 3:11-CV-2743-O, 2014 WL 7332551, at *8 (N.D. Tex. Nov. 12, 2014) ("[a]s noted, the percentage for attorneys' fees involving a common fund is typically 25% to 30%") (citing *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 675 (N.D. Tex. 2010)).

Moreover, objection is made that all administration and notice expenses should be deducted from the Settlement Fund before calculating a percentage. *Abrams v. Van Kampen Funds, Inc.*, 01 C 7538, 2006 WL 163023, at *6 (N.D. Ill. Jan. 18, 2006) ("Class counsel request that the percentage be based on the gross recovery, before any reduction for taxes or expenses. The actual recovery to the class, however, is the net amount after expenses. Therefore, it is more appropriate to base attorney fees on the class's net recovery."). Nevertheless, 33.33% is an excessive percentage even after reducing the fund for administrative and notice and other expenses.

In calculating its percentage of recovery, class counsel should not be permitted to rely on the claimed value of the illusory relief of the practice changes as a means for

making their percentage of recovery appear more palatable.

Finally, objection is made to class counsel's proposed award of 33.33% of the gross settlement fund based upon a lodestar cross-check methodology for calculating fees. *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998); *Braud v. Transport Serv. Co. of Illinois*, CIV.A. 05-1898, 2010 WL 3283398, at *9 (E.D. La. Aug. 17, 2010) (noting that generally, the "Fifth Circuit has held that 'this circuit uses [the lodestar method] to assess attorneys' fees in class action suits.'") (quoting *Strong*, 137 F.3d at 849). Class counsel's fee should be limited to a reasonable lodestar especially under the circumstances described above and objection is made on this basis. It is suggested that a reasonable lodestar in this case would be less than one given the poor settlement for the class described above.

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: March 23, 2016                                  Respectfully submitted,

                                                       _____
                                                       Amirali Jabrani
                                                       2038 Moondance Court
                                                       O'Fallon, Missouri 63368
                                                       (314) 706-1624

## Certificate of Service

The undersigned certifies that on March 23, 2016, he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

Clerk of the Court
U.S. District Court for the
Western District of Texas
655 E. Cesar E. Chavez Blvd.
San Antonio, Texas 78206

Benjamin R. Bingham
Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212

Noah A. Levine, Esq.
WILMER CUTLER
PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

DATED: March 23, 2016

_____ 3/23/16
Amirali Jabrani