# EXHIBIT "6"
## Declaration of Evan Hendricks

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION



| | | |
|---|---|---|
| **EVA MARISOL DUNCAN,** | § § § § § § § § § | **CIVIL ACTION NO. 5:14-cv-00912** |
| **Plaintiff,** | | **JURY TRIAL DEMANDED** |
| **V.** | | |
| **JP MORGAN CHASE BANK, N.A., Defendant.** | | |

## DECLARATION OF EVAN HENDRICKS

### INTRODUCTION

1.   I am an expert in the field of consumer privacy and issues relating to fair credit reporting. At the request of counsel for the plaintiffs in this case, I have evaluated the relief afforded under the settlement agreement that has been preliminarily approved by the Court. I also have been asked for my opinion as to whether the settlement is fair, reasonable and adequate.

2.   In my opinion, the settlement confers substantial benefits on both class members and the public at large. A specific minimum monetary value can be placed on a few of the benefits. For starters, the settlement should end Defendant Chase's allegedly impermissible access to consumers' reports. It achieves this through both a change in Chase's practices, and through follow-up audits for three years. There is also value in the notice to class members and the public through the settlement Web site, and the education of class members about credit report privacy. There are monetary payments to class members who qualify through the claims process. As explained below, in my opinion, the value of the change in Chase's practices and the audits to prevent further allegedly impermissible access and invasions of privacy is $11 million. Plus, the value of the notice to and education of class members is $2.2 million. Other benefits of the settlement are the monetary payments to class members, and the attorneys' work to achieve them. The quantification of these benefits will be provided by class counsel.

3.   It is my opinion as an expert in the field that the settlement is fair, reasonable and adequate and in the best interests of the class.

## QUALIFICATIONS

4.     I have been involved full time in the fields of privacy and fair credit reporting for nearly 39 years. (CV Attached)

5.     From 1981 to 2013, I was Editor/Publisher of *Privacy Times*, a bi-weekly, Washington-based newsletter that reported on privacy and information law, including the Fair Credit Reporting Act. The newsletter ranged from 8 to 12 pages and was published 23 times a year. *Privacy Times* was a subscription-only newsletter. The readers were generally attorneys and specialists within government agencies, corporations, law firms, universities and public interest groups responsible for issues relating to freedom of information and privacy laws, including the FCRA and similar State statutes. *Privacy Times* covered Congressional and State legislative actions, judicial opinions, technology developments, industry trends and actions, executive branch policies and consumer news. As a result of my work on the newsletter, I accumulated a specialized body of knowledge in relation to the collection, use and disclosure of credit report data and personal financial information, and the various standards governing them.

6.     I am author of the book, <u>Credit Scores And Credit Reports: How The System Really Works, What You Can Do, 3rd Edition</u> (Privacy Times 2007). As the title indicates, it describes how the credit scoring and credit reporting systems work and what consumers can do to obtain, read and understand their credit reports, correct errors in them, and enforce their rights. I am also co-author of <u>Your Right To Privacy: A Basic Guide to Legal Rights In An Information Society</u> (2nd Edition, Southern Illinois University Press, 1990), which has a chapter on credit reporting.

7.     Since the early 1990s, I have served as an expert witness in numerous FCRA cases and have been qualified as an expert in fair credit reporting matters by federal and state courts, including a fairness hearing on a FCRA class action settlement. As an expert witness, I have read thousands of pages of deposition testimony from credit reporting agencies ("CRAs") and credit "grantors" – the entities responsible for reporting data to CRAs. This is significant because CRAs and credit grantors do not openly discuss or publish information on their procedures and practices for handling personal data. In fact, CRAs and creditors typically consider such procedures and practices to be proprietary and/or trade secrets. To my knowledge, the best (and possibly only) sources for obtaining candid descriptions of CRAs' and credit grantors' procedures and practices in relation to credit reporting data are the depositions in and other discovery from FCRA litigation.

8.     I have testified 10 times before Congress – always by invitation – on issues related to the collection, maintenance, security, use and disclosure of sensitive personal data, including credit reports and other financial information. (See attached CV.) In 2003, the year in which Congress was dedicated to a major upgrade of the FCRA, I testified twice before the Senate and twice before the House, and presented once before the FTC. The hearings covered a wide range of credit reporting issues, accuracy, fairness, privacy, CRA procedures and

security. Some of my recommendations were reflected in the final FCRA Amendments approved by Congress and signed by President Bush in December 2003.

9.    From April 2002 through October 2004, I served on the Consumer Advisory Council of Experian (formerly TRW), a national CRA and vendor of other information services. Before being disbanded in 2005, the Council met twice a year to advise the company on a host of credit reporting, marketing and other privacy-related topics.

10.   From 1998 to 2006, I served under contract as a member of the Social Security Administration's Panel of Privacy Experts advising the agency on a host of issues.  In 2002, the U.S. Postal Service retained me to review its Privacy Act notices to ensure they were understandable to the public and consistent with the goals of the Privacy Act.

## SCOPE OF WORK AND MATERIALS REVIEWED

11.    Plaintiffs' counsel requested that I evaluate the fairness of the settlement and the value of the relief provided to the class.  I reviewed the Complaint, the Court's Preliminary Approval Order, the proposed Settlement, Appendix 1 and Appendix 2, Plaintiff's Unopposed Motion for Preliminary Approval, and the Settlement Website.

12.   As detailed below, I believe that this settlement confers substantial benefits upon class members.  I also believe that its approval is in the best interest of the class and the public.

### Benefits and Value of the Settlement

13.   In this section of my declaration, I will discuss the benefits of the settlement that I have identified and the value of each of them.

*Notification to class members that Chase accessed their credit reports without a permissible purpose.*

14.   The first benefit to class members from the settlement comes from the fact that they are each receiving a written class notice that Chase accessed their credit report information, and allegedly without a permissible purpose.

15.   This notice is of value for several reasons. First, and most importantly, the class notice serves as a surrogate notice to class members who were allegedly subjected to a different type of "adverse action" – an allegedly impermissible access. In a significant way, this notice thus recreates the "teachable moment" referred to by former FTC Chairman Timothy Muris when consumers are most receptive to receiving information about the credit information system and creating an incentive for them to take corrective action by obtaining their credit reports. In fact, the class notice likely is much more effective than the typical adverse action notice in getting the attention of the consumer and conveying the necessary information to him. Under the FCRA, an adverse action notice need not convey much information beyond identifying the CRA that communicated the consumer

3

information that the credit grantor relied upon to make its adverse action decision. Here, the class notice clearly informs consumers of what has happened, why it matters, and what they can do about it – including make a claim for a monetary payment.

16.   Second, by notifying class members of the alleged impermissible access, the class notice arms them with important knowledge of how the system can sometimes deprive them of maintaining reasonable control over their personal data. This in turn educates them as to how they can maintain reasonable control of their personal data in the future. This is important because a fundamental goal of the FCRA and other information-privacy laws is to ensure that individuals maintain reasonable control over their personal data. As the U.S. Supreme Court wrote, "To begin with, both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." (See *U.S. Dept. Of Justice v. Reporters Committee*, 489 U.S. 749 [1989].)

17.   The real value of this notice is underscored by strong response to it by class members. (Updated numbers will be provided by Plaintiffs' counsel.)

18.   Placing a dollar value on this educational benefit of the settlement could be considered a challenge because it is largely intangible. However, in my opinion, educating class members about the allegedly impermissible access to their credit reports is worth at least one dollar ($1) per class member.[1] Because there are 2.2 million class members, this aspect of the settlement has a total minimum value of $2.2 million.

### *Change in Chase procedures and practices to prevent future, allegedly impermissible access to the credit reports of class members or other consumers.*

19.   At the heart of the settlement is an important change in Chase procedures and practices to prevent future, allegedly impermissible access to the credit reports of class members or other consumers. Moreover, it requires three year of audits to ensure that Chase adheres to these important changes in its procedures.

20.   Thus, the settlement and underlying action should ensure that Chase will devote sufficient attention to the FCRA's permissible purpose requirements to ensure that it no longer impermissibly accesses the credit reports of class members or other consumers. This is particularly significant because the kind of allegedly impermissible access which was identified and challenged in this case is not uncommon throughout the credit card and mortgage industries. This is because credit card and mortgage companies conduct account reviews (ARs) through automated computer programs, but which often lack the necessary safeguards to ensure that ARs cease when a consumer is no longer a customer or when other changes occur that would make ARs inappropriate. The prevalence of

---

[1] In my opinion, $1 is an extremely low value amount for such an important educational purpose. But even at that low amount, it underscores the overall value of the settlement.

these systematic problems means that massive invasions of privacy are constant and that they make a mockery of the FCRA's protections for privacy.

21.   To my knowledge, no FCRA enforcement authority, including the FTC and State Attorneys General, have taken an enforcement action or otherwise involved itself in the AR-impermissible access issue. The only way to reverse a credit card or mortgage company's systematic impermissible access to consumers' credit reports is by forcing them to commit to solve the problem, and pay the requisite amount of attention necessary to accomplish the task. This settlement represents an important step in that direction, in my opinion.

22.   Again, quantifying the value of the settlement could be considered challenging because the protection of class members' privacy is largely intangible. In my opinion, however, these important changes to prevent further allegedly impermissible access, with three years of auditing, are worth, at a minimum, five dollars ($5) per class member. This is an extremely low value amount, especially considering that various credit monitoring services, which consumer pay for in part to identify impermissible access, charge between $11.95 to $19.95 *per month*. But even at the low amount of $5, covering a landmark change in Chase's policies and three years of auditing, underscores the overall value of the settlement. Thus, the minimum value of this aspect of the settlement is $11 million.

## SUMMARY OF OPINIONS REGARDING THE VALUE OF THE SETTLEMENT BENEFITS

23.   In my opinion, the settlement affords the following benefits:

- Notification to class members that their credit reports were accessed by Chase without a permissible purpose, and the general educational benefits to class members of both reminding them and teaching them about the importance of credit reports, and permissible access to them. ($2.2 Million @ $1 per class member.)

- Changes in Chase's practices and procedures – and three years of audits to ensure those changed practices are followed so Chase no longer impermissibly accesses the credit reports of class members or other consumers. ($11 Million @ $5 per class member.)

- Payment to class members who qualify through the claims process. (Figures to be provided by counsel)

- The services of class counsel. (Figures to be provided by counsel)

- The administration and administrative costs of the settlement. (Figures to be provided by counsel)

**Background Regarding the Fair Credit Reporting Act**

24.    To understand the important value of this settlement to the class and the public, it is necessary to understand some of the practical principles underlying FCRA and the significance credit information has for the typical consumer.

25.    Another purpose underlying FCRA is that of protecting consumer privacy:

> ...(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. 15 U.S.C. § 1681(a)(4).

26.    Accordingly, the Act restricts which entities may access a consumer's credit information and places limits on the purposes for which such information may be accessed.

27.    Unlike the adverse action notice that a credit grantor must issue whenever there is a possibility that a consumer may have been treated unfavorably due to information in a credit report, FCRA does not afford consumers a ready means of determining when their credit information has been accessed by an inappropriate person or for an improper purpose. A consumer, however, has a means for finding out if his credit report has been impermissibly accessed – that is, by checking his credit report himself. As noted above, the "Inquiries" section of a credit report lists the identity of any entity or person who recently accessed the consumer's information and it specifies the reason given to obtain the credit report.

28.    As discussed above, this settlement benefits class members by "pushing" to them the notice of Chase's alleged impermissible access, rather than leaving it to them to discover Chase's invasion of their privacy.

*Work of Class Counsel*

29.    The class has also benefited from the work of class counsel on their behalf. Since I am not a lawyer, I will not comment on the specific value of those services. However, I can state that it is important that the Court award fees to class counsel in cases under FCRA that are sufficient to encourage them to file cases. In my experience, it is important that sophisticated, experienced counsel are willing to handle FCRA class action cases. More often than not, victims of FCRA violations do not suffer tangible, actual damages that can be readily proven or easily quantified. Their injuries may be less tangible interests, such as loss of privacy and emotional distress. Settlement relief, moreover, may be difficult to measure.

30.    Accordingly, class counsel in a FCRA case face financial risks that they may not face in other types of consumer litigation. Unless understood by the courts, these added risks

undercut private enforcement of the Act, which in my view is critical to achieving its purposes. Moreover, the issue has not been visited by traditional FCRA enforcement authorities, like the Consumer Financial Protection Board ("CFPB"), the Federal Trade Commission ("FTC") or State Attorneys General, to my knowledge.

*The administration and administrative costs of the settlement.*

31.   I have not yet been provided with the total costs of the administration of the settlement, but those should be included as adding value to the class settlement.

## OPINION REGARDING THE FAIRNESS OF THE SETTLEMENT

32.   I am not a lawyer. However, I have amassed substantial specialized, practical knowledge Regarding how the credit reporting system works and consumers behave in the real world. I also am familiar with government investigations and enforcement actions that have occurred under FCRA, have participated as an expert in FCRA litigation, and have some familiarity with settlements in other FCRA cases. As a result, the court may find my views about fairness and adequacy of the settlement to be helpful.

33.   I believe that the settlement is in the best interest of both class members and the general public and thus should be approved. The settlement confers real and substantial benefits on class members, as I have already described.

34.   With regard to the allegedly impermissible access part of the case, the settlement is the latest effort to address an ongoing industry-wide practice which results in systematic invasion of privacy. By confronting Chase, the settlement and underlying action will prompt Chase to commit the necessary attention and resources to solving this problem.

35.   In accordance with the requirements of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


/s/  **Evan D. Hendricks**


**Evan D. Hendricks**
PO Box 302
Cabin John, MD 20818
(301) 229 7002
Date: February 17, 2016

# Evan D. Hendricks

## CURRICULUM VITAE

**Professional Activities**

**1981- December 2013**        **Editor/Publisher** of *Privacy Times*

Since 1981, I have been Editor/Publisher of *Privacy Times*, a biweekly, Washington-based newsletter that reports on privacy and information law, including the Fair Credit Reporting Act (FCRA). The newsletter ranges from 8-12 pages, 23 issues per year. Thus, I have researched, written, edited and published many articles on Congressional and State legislative actions, judicial opinions, industry trends and actions, executive branch policies and consumer news as they related to the FCRA.

**1992 – Present        Expert Witness**

Qualified by the federal courts in FCRA cases and cases involving credit reporting, credit scoring, privacy, and identity theft. (Complete list attached). I have read extensive deposition testimony by credit bureau and credit grantor personnel. This is significant because CRAs and credit grantors do not openly discuss or publish information on their procedures and practices for handling personal data, and the best (and possibly only) sources for finding candid descriptions of CRAs' and credit grantors' procedures and practices in relation to credit reporting data are the depositions of CRA and credit grantor employees in FCRA litigation.

**May 2014 – Present        Member, Board of Directors, Privacy Rights Clearinghouse**

**1998 – 2006        Privacy Expert Consultant, U.S. Social Security Administration**

Regularly review policies and practices in relation to the collection, use and disclosure of personal data and Social Security numbers and provide feedback and recommendations.

**2002 – 2004    Member, Experian Consumer Advisory Council**

Along with other Council members, I provide an outsider's view on credit reporting, marketing and other privacy issues.

**July – October 2002        Consultant to U.S. Postal Service**
Working with the USPS's Chief Privacy Officer, I assisted in reviewing and editing the re-write of the USPS's Privacy Act notices, with an emphasis on "Plain English."

---

Evan Hendricks        P.O. Box 302        Cabin John, MD 20818
**(301) 229 7002  (301) 229 8011 [fax]  evan@privacytimes.com**

---

**Recent Testimony Before Congress & The FTC**

"Keeping Score on Credit Scores: An Overview of Credit Scores, Credit Reports and their Impact on Consumers," House Financial Services Committee, Subcommittee on Financial Institutions and Consumer Credit Hearing, March 24, 2010.[18]

"What Borrowers Need to Know About Credit Scoring Models and Credit Scores," House Financial Services Subcommittee on Oversight, July 29, 2008.[19]

"Credit Reports: Consumers' Ability to Dispute and Change Information," House Financial Services Committee, June 19, 2007.[20]

"Privacy in the Commercial World II," House Energy & Commerce Subcommittee On Commerce, Trade, and Consumer Protection, June 20, 2006[21]

"Financial Data Protection Act of 2005," House Financial Services Subcommittee on Financial Institutions and Consumer Credit, November 9, 2005[22]

"Credit Card Data Processing: How Secure Is It?" House Financial Services Subcommittee on Oversight and Investigations, July 21, 2005[23]

"Identity Theft: Recent Developments Involving the Security of Sensitive Consumer Information,"[24] Senate Banking Committee, March 15, 2005

"The Accuracy of Credit Report Information and the Fair Credit Reporting Act;" Senate Banking Committee, July 10, 2003[25]

"The Role of FCRA in the Credit Granting Process," House Financial Services Subcommittee on Financial Institutions & Consumer Credit, June 12, 2003[26]

"Database Security: Finding Out When Your Information Has Been Compromised," Senate Judiciary Subcommittee on Technology, Terrorism and Government Information, Nov. 4, 2003[27]

"Fighting Fraud: Improving Information Security," House Financial Services Subcommittee on Financial Institutions & Consumer Credit, and Oversight, April 3, 2003[28]

---

[18]   http://www.house.gov/apps/list/hearing/financialsvcs_dem/fihrn_03242010.shtml
[19]   http://www.house.gov/apps/list/hearing/financialsvcs_dem/hr072908.shtml
[20]   www.house.gov/apps/list/hearing/financialsvcs_dem/ht061907.shtml
[21]   http://energycommerce.house.gov/108/Hearings/06202006hearing1938/Hendricks.pdf
[22]   http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=425
[23]   http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=407
[24]   http://banking.senate.gov/index.cfm?Fuseaction=Hearings.Detail&HearingID=144
[25]   http://banking.senate.gov/03_07hrg/071003/index.htm
[26]   http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=229
[27]   http://judiciary.senate.gov/testimony.cfm?id=983&wit_id=2790
[28]   http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=202

"Information Flows: The Costs and Benefits to Consumers and Businesses of The Collection and  Use of Consumer Information," Federal Trade Commission, National Workshop, June 18, 2003

**Books**

Credit Scores and Credit Reports: How The System Really Works, What You Can Do  [3rd Edition] (Privacy Times, 2007)

Your Right To Privacy: A Basic Guide To Legal Rights In An Information Society (2nd Edition, Southern Illinois University Press, 1990), (Includes a chapter on credit reporting)

Former Secrets: Government Records Made Public Through The Freedom of Information Act (Campaign For Political Rights, 1982)

**International Lectures**

24th International Conference of Data Protection & Privacy Commissioners (Cardiff, Wales -- Presentation published in conference proceedings, 2002)

The 23rd International Conference of Data Protection Commissioners (Paris, La Sorbonne --  Presentation published in conference proceedings, 2001)

The 22nd Annual Conference on Data Protection (Venice, Italy -- 2000)

The 16th Annual Conference on Data Protection (The Hague, The Netherlands -- 1994).

In the 1980s, served as an expert consultant to both the Privacy Commissioner of Canada and  Privacy Commissioner of Australia.

**Presentations/Instruction At Recent CLE & Professional Seminars**

"Key Privacy Statutes - FCRA and Background Check Problems," Conference on Effective  Consumer Privacy Enforcement, Univ. of California-Berkeley Samuelson Law, Technology &  Public Policy Clinic. Oct. 13-14, 2011. Berkeley, Calif.

"Annual FCRA Conference," National Association of Consumer Advocates. May 20-21, 2011. Memphis, Tenn.

"91st Annual New York Meeting," Commercial Law League of America (CLLA) November 12, 2010

"2010 NCLC Consumer Rights Litigation Conference," National Consumer Law Center.  November 13, 2010.  Boston, Mass.
"26th Annual Consumer Bankruptcy Course," State Bar of Texas. June 3, 2010. Dallas.

"Consumer Protection Law Comm. Representing Main Street: A Consumer Law Primer"  Florida Bar Association; June 26, 2009.  Orlando.

3

"Second Law and Information Society Symposium: Enforcement, Compliance and Remedies in   the Information Society," Presenter, "Credit Report Cases – Effective Remedies?"  Center on  Law and Information Policy (CLIP), Fordham Law School, New York, May 29-30, 2008.)[29]

"The 1st Annual Privacy Law Scholars Conference," Presenter, "Assessing Privacy Harm: How  can victims of privacy violations prove that they have been harmed?  The George Washington  University Law School, Washington, DC, June 12-13, 2008.[30]

"11th Annual Consumer Financial Services Litigation," Practicing Law Institute, March 20-21,   2006 (New York City)

"Bankruptcy Roundtable," and, "Fair Credit Reporting Act Roundtable," National Consumer  Law Center, October 27, 2005

"Advanced Consumer Litigation," Texas Bar CLE, Feb. 10-11, 2005

"Financial Privacy Litigation," (Impact of FACT Act), Practicing Law Institute,   February 28-March 1, 2005 (New York City)

"The New FACT Act: Challenge & Oppty.," Privacy & American Business, Feb. 9-10, 2004

"Understanding the FACT Act And The Impact of Multi-Agency Rulewriting Process," Glasser LegalWorks, Sept. 28-29. 2004

"12th Annual National Conference," National Credit Reporting Association, Nov. 10-12, 2004

**Professional Societies**

Past President & Board Member, American Society of Access Professionals www.accesspro.org

**Industry Certification**

FCRA Certification, National Credit Reporting Association (www.ncrainc.org).

**Media**
In addition to being a paid consultant and special guest on CNN's IMPACT news in 1996, I am quoted regularly by major and small newspapers (including The Washington Post, New  York Times, Wall Street Journal, Chicago Tribune, Los Angeles Times, Newsweek and Money  Magazine), regarding issues of privacy generally and the privacy implications of consumer  reporting specifically. I have appeared on National Public Radio, PBS NewsHour with Jim  Lehrer, ABC Nightline and World News Tonight, NBC Nightly News, CBS Evening News,  CNN News Watch, CNBC, MSNBC, Fox News, various local affiliates, and the Oprah Winfrey  Show and Geraldo, regarding these issues as well.

---

[29] http://law.fordham.edu/ihtml/eventitemPP.ihtml?id=37&idc=8943&template=clip
[30] http://privacyscholars.com

**Testimony & Expert Reports**

I have testified at trial, or been deposed as an expert, in the following cases:

Andrews v. Trans Union Corp. et al., Case No. 96-7369, (USDC-C.D. Calif.), concerning theft-of-identity and consumer report inaccuracies. Expert report, deposition, trial testimony. Judge Lourdes Baird presiding. The U.S. Court of Appeals for the Ninth Circuit specifically found that my opinion on the prevalence of identity theft was relevant to the reasonableness of CRA procedures. (see 225 F.3d 1063 (2000)).

Julie Miller v. Equifax Credit Information Services, LLC: U.S. District Court for the District of Oregon. Credit Reporting. Expert disclosure and report. Deposition. Trial Testimony. Daubert challenge. Judge Anna J. Brown presiding.

April K. Barnett v. Chase Bank (USA) N.A. et al.: U.S. District Court for the Northern District of Alabama [Eastern Div.] (1:12-CV-1745-VEH). Expert disclosure and report. Deposition. Judge Virginia Emerson Hopkins rejected Chase's Daubert motion to exclude my testimony.

Terry D Toler & Donna R. Toler v. PHH Mortgage Corp., Experian Information Solutions, Inc., et al.: U.S. District Court for the Western District of Arkansas [Hot Springs Div.]; (Case No. 6:12-cv-06032-RTD) Expert Report. Deposition. Trial Testimony. (2014) Judge Robert T. Dawson rejected Experian's Daubert to exclude my testimony.

Angela P. Williams vs. Equifax Information Services, LLC, et al., Circuit Court for the Ninth Judicial Circuit, Orange County Florida. Credit Reporting. Expert disclosure and report. Deposition. Trial Testimony. Judge George A. Sprinkel IV presiding.

Eric Robert Drew vs. Equifax Information Services, LLC, et al., U.S. District Court for the Northern District of California, Case No. CV 07-00726-SI. Expert report, Deposition, Trial Testimony. Judge Susan Illston presiding.

Dennis Hollidayoke vs. JBL Mortgage Network: In the Circuit Court for Anne Arundel County, Maryland, No. 02C10155944. Expert report, Deposition, Trial Testimony.

Direct Data Solutions, Inc., v. Bailey & Associates Advertising, Inc.: Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida; Case No.: 07-9322 CA 09. Judge Jerald Bagley presiding.

Brenda F. Campbell v. Experian: U.S. District Court for the Western District of Missouri (No. 07-2514). FCRA. Expert report, deposition. Trial Testimony. Judge Nanette K. Laughrey presiding.

Laura Jones v. Capital One: U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria), Case 09-14499-BFK, Chapter 7. Post-bankruptcy credit reporting. Expert report. Trial Testimony. Judge Brian F. Kenney presiding, said from the bench:

"Before we begin with Mr. Hendricks, a brief disclosure. I had a case a few years ago. Mr. Hendricks may recall that I was representing a creditor in which Mr. Hendricks was identified as an expert witness in the Eastern District of Virginia. I believe it was the Sloane case, Mr. Hendricks. I took Mr. Hendricks' deposition and I subsequently moved to exclude him as an expert in the case on a Daubert challenge. I lost the Daubert challenge. The court allowed him to testify as an expert witness; and I will say, during the course of his deposition and the Daubert challenge, I learned quite a bit about credit reporting. Just in the interest of full disclosure, I'll disclose that to the parties."

In Re: MicroBilt Corp. et al., U.S. Bankruptcy Court for the District of New Jersey (Trenton Div.); Case No. 11-18143 (MBK). Deposition, Trial Testimony. (I was retained by MicroBilt counsel Bruce Luckman, who in previous years as counsel for TransUnion, unsuccessfully opposed me with a Daubert challenge in the Sandra Cortez case (see below).

Vernon Singleton v. Universal Credit Services, et al.: U.S. District Court for the Eastern District of Pennsylvania; 2:14-cv-06380. Expert report, Trial Testimony.

Rowan DeSantis v Willard Merkel: Multnomah County Circuit Court. Trial Testimony.

In Re: Residential Capital, LLC, et al.: U.S. Bankruptcy Court for the Southern District of New York; Case No. 12-12020 (MG). Expert report, Trial Testimony. Judge Martin Glenn presiding.

Roger Chang, Thomas Wong v. Hamni Bank: Superior Court of the State of California, County of Santa Clara. (110CV181546) Expert report, deposition. Trial Testimony. Judge Joseph Huber presiding.

Steven W. Haberman v. PNC Mortgage Company, et al.: U.S. District Court for the Eastern District of Texas [Sherman Div]. Case No. 4:11cv126. FCRA, identity theft. Expert report. Deposition. Trial Testimony. Magistrate Judge Amos L. Mazzant presiding.

Harold & Beryllin Gamby v. Equifax Information Services, et al.: U.S. District Court for the Eastern District of Michigan [Southern Div.] (CV-06-11020-MO). FCRA, identity theft. Expert report. Deposition. Trial Testimony. Judge Marianne O. Battani presiding.

Deborah Adams v. National Engineering Service Corp./Verifications Inc.,: U.S. District Court for the District of Connecticut. (3:07-cv-01035-JCH.) FCRA. Expert report, deposition. Trial Testimony. Judge Warren W. Eginton presiding.

Rebecca L. Valentine. v. Equifax Credit Information Services, et al.: U.S. District Court for the District of Oregon; No. CV 05-801-JO. FCRA, identity theft. Expert report. Deposition. Trial Testimony. Judge Robert E. Jones presiding.

6

Nicole Robinson vs. Equifax Information Services, LLC, et al., U.S. District Court for the Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272. Expert reports. Deposition. Trial Testimony. Judge Walter H. Rice presiding.

Suzanne Sloane vs. Equifax Information Services, LLC, et al., U.S. District Court for the Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272. Expert reports. Deposition. Trial Testimony. Judge Leonie M. Brinkema presiding.

Matthew Kirkpatrick v. Equifax, LLC, U.S. District Court for District of Oregon, (Slip. Op. CV- 02-1197-MO. FCRA Expert report. Trial Testimony. Judge Michael W. Mosman presiding.

Sandra Cortez vs. Trans Union, LLC., U.S. District Court for the Eastern District of Pennsylvania: No. 2:05 –cv—05684-JF. FCRA. Expert Report. Daubert Hearing. Trial Testimony. Senior Judge John P. Fullam qualified me to testify at trial.

Patricia Holmes vs. TeleCheck Intl., Inc., U.S. District Court for the Middle District of Tennessee (Nashville Div.). FCRA. Expert report. Deposition. Trial Testimony. Chief District Judge Todd J. Campbell presiding.

James & Beverly Simmons v. Ocwen Loan Servicing, LLC.: U.S. Bankruptcy Court for the Northern District of Illinois (Eastern Division), Bankruptcy No. 06-01295; Chapter 7. Trial Testimony. U.S. Bankruptcy Judge Bruce W. Black presiding.

Tracy Terry v. Cheryl Shepard, Eve Shepard, Frank Ferro, and STAR Consulting, LLC, CAL08- 03428 -- In the Circuit Court for Prince George's County, Maryland, Michele D. Hotten, Associate Judge presiding. Breach of contract. Damage to credit. Trial testimony. Sept. 22, 2009.

Federal Trade Commission vs. Accusearch, Inc., et al., U.S. District Court for the District of Wyoming, Case No. 06CV0105-D. FTC Section 5. Expert Report. U.S. Magistrate Judge William C. Beaman rejected Defendant's motion to exclude my testimony.

Eddie Silva, et al. v. Haynes Furniture Co., Inc.: U.S. District Court for the Eastern District of Virginia: No. 4:04CV82. FCRA. Fairness hearing testimony. Judge Walter D. Kelley, Jr. presiding.

Joi Helmes v. Wachovia Bank N.A.: U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria), Case No: 01-81277-RGM, Chapter 7. Post-bankruptcy credit reporting. Expert report. Deposition. Trial Testimony. Judge Robert G. Mayer presiding.

Alex Campos and Michael York v. ChoicePoint Services, Inc.: U.S. District Court for the District of Georgia (Atlanta), Civ. Action No. 1-03-CV-3577-WSD. FCRA. Expert Declaration. Fairness hearing testimony. Judge William S. Duffey, Jr. presiding.

Denis W. Stasulis v. Suntrust: U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria), Case No: 04-12542-RGM, Chapter 7. Post-bankruptcy credit reporting. Expert report. Deposition. Trial Testimony. Judge Robert G. Mayer presiding.

Dwaine Perry, et al. v. FleetBoston Financial Corp.: U.S. District Court for the Eastern District of Pennsylvania: No. 04-507. FCRA. Expert Report. Fairness hearing testimony. Judge Berle M. Schiller presiding.

Tammy Cochran v. C&M Motors, LLC, dba I-10 Toyota, et al: U.S. District Court for the Central District of California, No. CV-03-3568FMC. FCRA. Expert Report. Trial Testimony Judge Florence-Marie Cooper presiding.

Myra Coleman v. Trans Union LLC, CA4: 98-CV-169B-B (USDC-Mississippi) FCRA. Expert report, deposition, trial testimony. Judge Neal B. Biggers presiding

Arthur Spengler v. Sears Roebuck & Co., Case No. C-03-0557. (Circuit Court, Wicomico County, Maryland). Tort, Interference with Business Relationships. Trial Testimony. Judge D. Davis qualified me as expert on credit scoring, credit reporting and FCRA-related issues.

Judy C. Thomas v. Trans Union LLC, U.S. District Court for the District of Oregon; Case No. 00- 1150-JE. FCRA. Expert report, deposition, trial testimony. Magistrate Judge John Jelderks presiding.

Scott E. Campbell v. G.E. Capital Auto Lease, Circuit Court For St. Mary's County, Maryland, Case No. 99-522. FCRA, invasion of privacy. Expert report, deposition. Judge Karen Abrams qualified me to testify, but the case settled one week before trial.

Franklin F. Grizzard, Jr. v. Trans Union, L.L.C., & Equifax Information Services L.L.C., et al.: U.S. District Court for the District of Virginia (Richmond Div.); Nos. 04-CV-625 & 04-CV-626, respectively. Expert report. Affidavit. Deposition. On the eve of trial, Judge Richard Williams rejected Defendant's motion to disqualify me. The case settled shortly thereafter.

Catherine Smith, et al. v. Progressive Corporation, et al.: U.S. District Court for the Middle District of Florida (Gainesville), Case No.1:00-CV-210-MMP. Expert Report, Declaration of Value, Fairness Hearing testimony. Judge Maurice M. Paul presiding.

Franklin E. Clark, et al. v. Experian, et al.: U.S. District Court for the District of South Carolina, Case Nos. 8:00-1217-22, 8:00-1218-22, 8:00-1219-22. Affidavit, Supplemental Affidavit (both affidavits were admitted into evidence without objection). Judge Cameron McGowan Currie presiding.

8

Carlos A. Vasquez-Estrada v. Collecto Inc.: U.S. District Court for the District of Oregon [Portland Div.]; No. 3:14-CV-01422-ST. Expert Report. Deposition. (2015)

Charles Edward Steed, on behalf of himself and all others similarly situated, and Amy Summers, on behalf of herself and all others similarly situated: U.S. District Court for the Northern District of Georgia [Atlanta Div.] (Case 1:14-cv-00437-SCJ-ECS). Expert Report. Deposition. (2015)

Johnnie Teresa Marchisio & Adrian Marchisio v. Carrington Mortgage Services, LLC: in the United States District Court for the Southern District of Florida (Case # 14-cv-14011-KAM). Expert Report. Deposition. (2015)

Richard and Kristin Zabriskie v. Federal National Mortgage Association, et. al: U.S. District Court for the District of Arizona – (No. 2:13-cv-02260-DKD). Expert Report. Deposition. (2015)

Elizabeth Roberts v. Vincent St. John & Safeco Insurance Co. of America: In the District Court of Oklahoma County, State of Oklahoma (Case No. CJ-2012-1051). Expert Report. Deposition. (2015)

Roy Jack Williams v. Allstate Fire & Casualty Co., U.S. District Court for the Eastern District of Oklahoma (Case No. 5:13-cv-00828-D). Expert Report. Deposition. (2015)

John Mark Cowan v. GE Capital Retail Bank, et al.: U.S. District Court for the Northern District of California [San Jose Division]; 5:13-cv-3935-BLF-PSG. Expert Report. Deposition. (2015)

Martin Kevin Sammy v. Equifax Information Services, LLC: U.S. District Court for the Eastern District of Pennsylvania. (Case No. 2:14-cv-00307-BMS) Expert Report. (2014) Deposition. (2014)

Richard G. Beck, et al. v. Eric K. Shinseki, et al.: U.S. District Court for the District of South Carolina [Columbia Div.] (No. 3:13-cv-999-TLW). Expert Report. Deposition. (2014)

Roberto Sevi v. Experian Information Solutions, Inc., Trans Union LLC & Nationstar Mortgage, LLC.: U.S. District Court for the Middle District of Florida [Orlando Div.]; No. 6:13-cv-1433-Orl- 37KRS. Expert Report. Deposition. (2014)

Jean Gardy Lacroix v. Equifax Information Services, LLC: U.S. District Court for the Southern District of Florida. (Case No. 9:14-cv-80334) Expert Report. Deposition. (2014)

Thanh Cham Thi Thach v. Virginia. U.S. District Court for the Eastern District of Virginia [Alexandria Div.] (Case No. 3:14-cv-00070-HEH) Expert Report. Deposition.

9

(2014)

Lee Pele v. Pennsylvania Higher Education Authority, Inc., U.S. District Court for the Eastern  District of Virginia [Alexandria Div.] (Case No. 1:13-cv-01531-JCC-TRJ) Expert Report. Deposition.  (2014)

Anthony Peck v. Equifax Information Services, LLC, Experian Information Solutions, Inc., &  DTE Energy Co.: U.S. District Court for the District of Colorado (No. 13-cv-02924-PAB-CBS).  Expert  Report. Deposition. (2014)

Timothy Lawrence v. National Grid USA Service Co., National Recovery Agency, et al.: U.S.  District Court for the Eastern District of New York (13 CV 4979 – CBA/VMS).

Rockwell Scharer III v. OneWest Bank, Experian Information Solutions, Inc., Equifax  Information Services, LLC, Trans Union LLC, et al.,: U.S. District Court for the Central District of  California; No.: 2:13-cv-00080-DSF-AGR.  Expert report. Deposition. (2014)

Ronald A. Jackson, et al. v. Equifax Information Services, LLC, et al.: U.S. District Court for the  Southern District of Florida. 1:13-cv-21691-DLG

James A. Davenport v.  Sallie Mae, Inc., et al.: U.S. District Court for the District of Maryland;  PJM 12-1475. Expert report. Deposition. (2014)

Steven Strong v. Collecto, et al., Experian Information Solutions, LLC: U.S. District Court for  the Northern District of Texas [Dallas Div.]; No. 3-12-cv-05115-P. Expert report. Deposition. (2014)

Kovalerchik v. Experian Information Solutions, LLC: U.S. District Court for the Central District  of California (No. 2:13-cv-05419 – GHK-FFMx).  Expert report. Deposition. (2014)

Michael Dreher v. Experian Information Solutions, Inc., et al.: U.S. District Court for the Eastern  District of Virginia (Case 3:11-cv-00624-JAG). Expert report. Deposition. (2014)

Gary Wright v. Equifax Information Solutions, LLC, et al: U.S. District Court for the District of  Colorado (No 1:12-cv-3268). Expert Report. Deposition. (2013)

Patriot General Insurance Company v. Lisa Krebs and Carmen McReynolds: U.S. District Court  for the Northern District of Georgia [Atlanta Div.] (1:12-CV-0997-RWS). Expert Report. Deposition.  (2013)

Courtney Douglass v. Convergent Outsourcing. (U.S. District Court for the Eastern District of  Pennsylvania; Civil No. 2-12-cv-01524). Expert Declaration.

Deposition. (2013)

Amanda Ellis v. Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC &: U.S. District Court for the Northern District of Alabama [Middle Div.]; No.: 4:12-cv- 02779 RBP. Expert report. Deposition.

Denese Toliver v. Experian Information Solutions, Inc., Trans Union LLC, et al.: U.S. District Court for the Southern District of Texas [Houston Div]. No. 4:12-cv-02436; Expert report. Expert rebuttal report. Declaration. Deposition.

David Osada, et al. v. Experian Information Solutions, Inc.: U.S. District Court for the Northern District of Illinois (Eastern Division), No. 11-CV-02856. Expert report. Deposition.

Kathleen Jane Ferguson v. Asset Acceptance Services, LLC,, et al.: U.S. District Court for the District of Missouri [Eastern Div.]. (4:11-cv-00425--AGF). Expert report. Deposition.

Arin A. Bovay, et al. v. Sears, Roebuck, and Co.: U.S. Circuit Court of Cook County, Illinois [County Dept., Chancery Div.]; Case No. 01-CH-18096; consolidated with Case Nos. 02-CH-4693 & 03-CH-07605. Expert report. Deposition.

Mary Perkins White v. Green Tree Servicing LLC, GMAC Mortgage LLC, Trans Union LLC, Equifax Information Services, LLC & Experian Information Solutions, Inc.,: U.S. District Court for the Western District of Washington [Tacoma Div.]; No.: 3:11-CV-005439RBL Expert report. Deposition.

Ilene Modica v. American Suzuki Financial Services, TransUnion, LLC, & Equifax Information Services, LLC: U.S. District Court for the District of Arizona. (2:11-CV-02183-PHX-DGC) Expert report. Deposition.

Denise Acquafredda v. Experian Information Solutions, et. al: U.S. District Court for the District of Arizona – (No. CV 2011-054368). Expert report. Deposition.

Jose Calderon v. Experian Information Solutions: U.S. District Court for the District of Idaho (No. 1:11-cv-00386-EJL). Expert report. Deposition.

First Carolina Bank v. Charles S. McCue, et al.: In The Court of Common Please, Fourteenth Judicial Circuit, State of South Carolina, County of Beaufort. Civil Action No: 07- CP-07-03027. Deposition.

Maria Pintos v. Pacific Creditors Assoc., et al.: U.S. District Court for the Northern District of California [Oakland Div.] C 03-5471 CW. Expert report. Deposition.

Marie Ann Fuges v. Southwest Financial Services, LTD: U.S. District Court for

11

the Eastern District of Pennsylvania (No 09-699). Expert report. Deposition.

Alisha Wilkes v. Experian Information Solutions, et al.: U.S. District Court for the Eastern District of Virginia (CV- 1:10-cv-01160-CMH -TRJ). Expert report. Deposition.

Serena Beachley v. PNC Bank N.A..: U.S. District Court for the District of Maryland [Northern Div., Case No. CCB-10-1774. Expert report. Deposition.

In re: Pammalla Shannon Uplinger v. Rees Broome, P.C,.: U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria Div.); Case No. 90-13129-RGM. Expert report. Deposition.

Jose Soto v. Capital One Auto Finance, et al.: U.S. District Court for the District of Western Washington (2:08-cv-01838-RSM). Expert report, deposition.

Terri N. White, Jose Hernandez, et al. v. Experian Information Solutions, et al.: USDC-Central Dist. Of California; Case No. 05-cv-1070- DOC (MLGx). Declarations, Deposition.

Tara Andrews v. Equifax Information Solutions, Inc., et al.: U.S. District Court for the Western District of Washington; (No. 2:09–CV–00817–JJC). Expert report. Deposition.

Michelle Jansen v. Equifax Credit Information Services, et al.: U.S. District Court for the District of Oregon; No. 05-CV 0385-BR. Expert report. Deposition.

James Byrd v. TransUnion LLC, Experian Information Solutions, Inc., Equifax Credit Information Services, LLC: U.S. District Court for the District of South Carolina [Columbia Div.]. Expert report. Deposition.

David L. Jackson v. Trans Union, et al.: U.S. District Court for the District of Oregon. FCRA. No. CV-08-0060-MO. Expert report. Deposition.

Richard Chakejian v. Equifax Information Services, LLC. : U.S. District Court for the Eastern District of Pennsylvania; No. 07-2211. Bruce A. Summerfield v. Equifax Information Services, LLC. : U.S. District Court for the District of New Jersey; No. 08-1450. FCRA. Expert reports. Consolidate deposition.

Marlos Uzzell v. Experian Information Systems, Trans Union, et al.: U.S. District Court for the Eastern District of Pennsylvania (No. 2:08-CV-02538-CMR). Expert report. Deposition.

Baxter Robinson v. Chase Mortgage Services, Inc., et al.: U.S. District Court for the District of South Carolina (Charleston Div.) (2:08-cv-02087-PMD). Expert report, deposition.

Risa Joyce Deutsch v. Arrow Financial Services LLC, et al: U.S. District Court for Middle the  District of Florida [Tampa]; No. 8:08-cv-01469. Damage to credit.  Expert report, deposition.

Michael D. Scott, et al. v. Graphic Center, CalPERS, et al.:  Superior Court of the State of California, County of Los Angeles.  Case No. BC390593397636.  Data breach. Declaration.

Christopher K. Jung v. Trans Union, et al.: U.S. District Court for the Eastern District of  Pennsylvania (No. 07-2514). Expert report, deposition.

Robert Saindon v. Equifax Information Services, et al.: U.S. District Court for the Northern  District of California (08-cv-01744 WHA).  Expert report, declaration. Deposition.

Christina Lee v. TransUnion, et al.: U.S. District Court for the District of Oregon (CV-07-0998- MO).  Expert report, deposition.

Emelia Pasternak v. TransUnion, et al.: U.S. District Court for the Northern District of California. Case No. 4:07-cv-04980-CW Expert report, deposition.

Stacy Fiano v. Experian Information Solutions, et al., U.S. District Circuit Court of the Southern  District of Florida 9:08-cv-80555.  Expert report, deposition.

Alana Valerie Sheldon v. Trans Union, LLC., LVNV Funding, LLC, & Resurgent Capital  Services L.P.: U.S. District Court for the District of Maryland; 8:08-cv-00057-PJM.  Expert report,  deposition.

In Re: Cellphone Termination Fee Cases, Superior Court of the State of California, Alameda  County, JCCP No. 4332.  Deposition.

Karl Benedikt v. ChoicePoint, Inc.,: U.S. District Court for the District of New Jersey [Newark  Vicinage]; 07-2569. Expert report, deposition.

Abdirizak Gayre v. CSC Credit Services, Inc., Equifax Information Services, LLC, and Afni, Inc.: U.S. District Court for the District of Minnesota (C.A. No. 07-CV-0622 [JRT/FLN]).  FCRA.  Expert  report, deposition.

Erin Ayles v. Experian Information Solutions, Inc.: U.S. District Court for the Eastern District of  Virginia (Alexandria Division); 1:07cv 662. Expert report, deposition.

Maria D. v. Comcast Corp., Sacramento Superior Court, Case No. 03AS05745. Deposition.

Terri N. White, et al. v. Experian Information Solutions, Inc., U.S. Dist. Ct.

Central Dist. Of Calif. – Case No. 05-cv-1070- DOC (MLGx); Lead Case. Expert declarations. Depositions.

In Re: Farmers Insurance Co., Inc., FCRA Litigation, U.S. District Court for the Western District of Oklahoma, Case No. CIV 03-158-F.  FCRA. Expert report, deposition.

Steven E. Beck v. Equifax Information Services, et al.: U.S. District Court for the Eastern District of Virginia: No. 1-05cv347. FCRA.  Expert report, deposition.

Mary Ann Whiteker, et al. v. Chase Bank, et al.

Ford Motor Credit Co. v. Sudesh Agrawal, Court of Common Pleas, Cuyahoga Country, Ohio; Case No. CV04536588.  Credit reporting and credit scoring. Deposition.

Larry Alabran v. Capital One Services, Inc.,: U.S. District Court for the Eastern District of Virginia  (Richmond Division); Case No. 3:04-CV-935. Expert report, deposition.

Gail Cope v. MBNA American Bank NA: U.S. District Court for the District of Oregon; No. 04- CV-493-JE. Expert report, deposition.

Robert Gordon Peoples v. Experian Services Corp., et al.: U.S. District Court for the Central  District of California: No. CV-04-1378 CAS (Ex). Expert report. Deposition.

Lottie Robertson v. Experian Information Services, Inc. & Capital One Bank: U.S. District Court  for the Eastern District of Michigan (Southern Div.) No. 04-72308. Expert report. Deposition.

Barbara A. Harris  v.  Experian Information Solutions, Inc.,  and Equifax Credit Information  Services, Inc: U.S. District Court for the District of Oregon, Civil No. 01-1728-JE. FCRA. Expert  reports. Deposition

Bruce Danielson v. Experian Information Solutions: U.S. District Court for the Northern District  of Texas, Case No: 3-04CV-1722N. FCRA. Expert report. Deposition.

Stacy Lawton Guin, et al. v. Brazos Higher Education Service Corporation, Inc.: USDC-Minnesota – No. CV 05-668 RHK/JSM. Negligence. Security Breach. Affidavit. Deposition.

Anthony Chin v. State Dept. Federal Credit Union: Circ. Ct. Prince George's County (Maryland);  Civ. Act. No. CAL04-12778; Tort. Deposition.  Trial testimony.

James M. McKeown v. Sears Roebuck & Co., et al: U.S. District Court for the

Western District of Wisconsin, Civil No. Case No. 03-CV-0528 C.  Expert Report, deposition.

Paulette Field v. Trans Union LLC, et al., Case No. 01 C 6390 (USDC-N.D. Illinois - Eastern Div.  FCRA. Expert report.  Deposition.

Earle E. Ausherman, et al. v. Bank of America Corporation et al.: U.S. District Court for the District of Maryland, Civil Action No. MJG-01-438. FCRA. Expert report. Deposition.

Jesse Klco v. Elmhurst Dodge, U.S. District Court for the Northern District of Illinois (Eastern Division) Civil Action No. 01 C 0433. FCRA. Expert report, deposition.

(David & Ruthie Keefner v. Webb Ford, Inc. & Deon L. Willis.: U.S. District Court for the Northern District of Illinois (Eastern Division), Civil Action No. 02C-4643. FCRA. Expert report. Deposition.

Anthony & Alethea Preston v. MGIC, U.S. District Court for the Middle District of Florida (Ocala), Case No. 5:03-cv-111-Oc-10GRJ. FCRA. Expert report, deposition.

Bruce Butcher and Pam Butcher v. Chase Manhattan Bank, U.S.A., Inc., U.S. District Court for District of South Carolina, Case No. 8:03-3184-26. FCRA. Expert report, deposition.

Karen Nienaber, et al. v. Citibank (South Dakota) N.A.,: U.S. District Court for the District of South Dakota [Southern Div.}; Civ. No. CIV 04-4054. Declaration relied upon by court in settlement hearing.

## FEE

My fee is $300 per hour for preparation, consulting trial testimony, plus reasonable travel time, plus travel costs and expenses; $400 per hour, or a minimum of $1,200 per day, for deposition testimony, plus reasonable travel time, plus travel costs and expenses.