**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EVA MARISOL DUNCAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:14-cv-00912-FB-** |
| | § | **JWP** |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO PRO-SE FILINGS**
**(Doc. 34, 39, 41, 46, 49)**

**TO THE HONORABLE MAGISTRATE JUDGE JOHN W. PRIMOMO:**

Now comes Eva Marisol Duncan (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through their attorneys, and makes this response to the pro-se filings docketed at #34, 39, 41, 46, and 49 as follows:

1.     The "objection" of Clivens Goldman (Doc. 34) states that he and another (referred to solely as "Andrea") "do not wish to waived [*sic*] any rights including the right of due process as i, intend to pursue legal action against Chase."   Nothing in the "Objection" states any objections to the settlement itself.  As a result, the parties agree that it amounts to a request for exclusion, and have treated it that way, adding his name to the list of people excluded from the binding effect of the Final Judgment.

2.     The objection of Mary Rodriguez (Doc. 39) raises grievances with Chase relating to the apparent transfer of the deed on her home.  The objection says nothing about the claim at issue in this case or the terms of the settlement as it relates to the subject matter of this lawsuit. Because the objections she raises here are of a general nature, and not specifically related to the proposed settlement, Plaintiff respectfully requests that her objection be overruled.

1

3. The "Amicus Brief" filed by Barbara Ellis (Doc. 41), refers to her having excluded herself from the settlement. Plaintiff's Counsel has confirmed that she timely and properly excluded herself (i.e. "opted out") of the settlement. Having opted out, Ms. Ellis has no standing to object to the settlement because it in no way affects her. *See **In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010***, 910 F. Supp. 2d 891, 941 (E.D. La. 2012), *aff'd* sub nom. ***In re Deepwater Horizon***, 739 F.3d 790 (5th Cir. 2014) ("The Court has made th[e] point abundantly clear. … If you opt out or if you are excluded, you legally have no standing to object to the settlements….").

4. The Objection by J.C. Haigh (Doc. 46) appears to be made because Mr. Haigh and his wife have pending litigation in the Southern District of Texas (Houston Division) that may somehow be related to Chase, although Chase in not a party to the litigation. The Haighs do not raise any objection to any provision of the settlement, nor do they offer any reason why the settlement is inadequate, unfair, or unreasonable. Rather, they seek to ensure that "this lawsuit [not] interfere with the lawsuit I have filed in the Southern District Court in Houston." The named defendant in the Haighs' action, case number 4:15-cv-00362, is Citibank, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE2 Trust. At any rate, Class Counsel has reviewed the pleading in the Haighs' case and there are no allegations made that are similar to those made in this case. On March 24, 2016 Mr. Bingham wrote and sent a letter to the Haighs, who are now *pro se* in the Houston litigation, indicating that in his opinion the release in this case would have no effect on the their pending litigation. The Haighs have not responded to Mr. Bingham's letter.

5. Class Counsel received the objection of Monica Lewis and filed it with the Court as a possible objection to the settlement. (Doc. 49). Ms. Lewis does not raise any objection to

any provision of the settlement, nor does she offer any reason why the settlement is inadequate, unfair, or unreasonable.  Ms. Lewis's objection reflects a misunderstanding about the nature and scope of the case.  Mr. Bingham discussed the misunderstandings with Ms. Lewis, and his Declaration is at Doc. 49, with Ms. Lewis' "objection" attached to it.  Plaintiff respectfully requests that the Lewis objection be overruled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Court overrule the pro-se objections and other missives filed at Doc. 34, 39, 41, 46, 49. Plaintiff requests general relief.

Respectfully submitted,

RILEY & RILEY
Attorneys at Law
320 Lexington Avenue
San Antonio, Texas 78215
(210) 225-7236 Telephone
(210) 227-7907 Facsimile
charlesriley@rileylawfirm.com

By:   */s/ Charles Riley*
          CHARLES RILEY
          State Bar No. 24039138

LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Dr., Ste. 200
San Antonio, Texas 78228
(210) 522-9500 Telephone
(210) 522-0205 Facsimile
hervol@sbcglobal.net

By:   */s/ H. Anthony Hervol*
          H. ANTHONY HERVOL
          State Bar No. 00784264

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By*:   /s/Benjamin R. Bingham*
       BENJAMIN R. BINGHAM
       State Bar No. 02322350

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves e-mail notification of such filing to the following counsel of record on this 20th day of April, 2016, and a true and correct copy of the above and forgoing has therefore been served on the following counsel of record for the Defendant at the e-mail addresses listed hereunder:

Noah A. Levine
Alan E. Schoenfeld
Fiona Kaye
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
fiona.kaye@wilmerhale.com

Wm. Lance Lewis
Kenneth A. Hill
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com
kenhill@qslwm.com

In addition, the undersigned hereby certifies that the foregoing will be served upon the objecting parties/amicus curiae named herein below via the methods indicated hereunder, on April 21, 2016:

Thomas L. Cox, Jr.
7129 Tabor Dr.
Dallas, TX 75231-5647
tcox009@yahoo.com
Via electronic mail and U.S. mail

Marilyn Paul
Individually and c/o R. Holstein
130 N. Garland Court
Chicago, IL  60602
holsteinlaw@sbcglobal.net
Via electronic mail and U.S. mail

T. Johnson
120 W. Madison St., Suite 600
Chicago, IL  60602
tjohnson@johnsonchicago.com
Attorney for Marilyn Paul
Via electronic mail and U.S. mail

Christopher T. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
Attorney for Amirali Jabrani
Via electronic mail and U.S. mail

Mary B. Rodriguez a/k/a Mary Ann Bloom
9621 Graham St., # 79
Cypress, CA 90630
Via U.S. mail

Monica Lewis
P.O. Box 2582
Bridgeview, IL 60455
Via U.S. mail

J.C. Haigh
Darla Haigh
5407 Raintree Dr.
Missouri City, TX 77459-6215
Via U.S. Mail

Clivens Goldman
3277 Lago De Talavern
Lake Worth, FL 33467
Via U.S. Mail

Barbara Ellis
8293 South Huron River Dr.
South Rockwood, MI 48179
Amicus Curiae
Via U.S. Mail

_/s/ H. Anthony Hervol_
H. Anthony Hervol
Co-Class Counsel