IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA MARISOL DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:14-cv-00912-FB-JWP |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**SUPPLEMENT TO PLAINTIFF'S**
**RESPONSE TO ATTORNEY OBJECTIONS [Doc. 62]**

**TO THE HONORABLE MAGISTRATE JUDGE JOHN W. PRIMOMO:**

Now comes Eva Marisol Duncan (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through their attorneys, who file this Supplement to her Response to Attorney Objections (Doc. 62) and show:

1. On April 6, 2016, the Court entered an Order Granting Plaintiff's Opposed Expedited Motion for Leave to Take Expedited, But Limited, Depositions of Clients of Serial Objectors and Three Objectors' Counsel. (Doc. 51). The following events occurred:

   a. Thomas L. Cox, Jr. – Mr. Cox's deposition was taken by videoconference on April 18, 2016, at 9:00 a.m., as noticed. A true and correct copy of the transcript of Mr. Cox's deposition is submitted herewith under Appendix 2, Exhibit "A".

   b. Amirali Jabrani – Mr. Jabrani's deposition was taken by videoconference on April 19, 2016, at 4:00 p.m., as noticed. A true and correct copy of the transcript of Mr. Jabrani's deposition is submitted herewith under Appendix 2, Exhibit "B", along with the deposition exhibits ("B-1" through "B-4").

   c. Marilyn Paul – Ms. Paul did not appear for her Court-ordered and noticed deposition which was to be taken on April 18, 2016, at 11:00 a.m., despite being noticed via U.S. mail (twice) and via email to her alleged counsel. Ms. Paul's objection was stricken by Order dated April 14, 2016. (Doc.

        58). However, her would-be counsel indicated an intent to go forward notwithstanding the Court's Order. Therefore, Plaintiff's counsel requested the appearance of Ms. Paul and her apparent counsel, Mssrs. Robert Allan Holstein and Tige Johnson, at their depositions unless they acknowledged an intent not to proceed further.  Instead of Ms. Paul, Mr. Holstein appeared at Ms. Paul's deposition and, on an off the record discussion, Mr. Holstein indicated that Ms. Paul would likely not appear, questioned why her objection was stricken, and indicated that neither he nor Mr. Johnson would likely appear for their noticed depositions. The parties then went on the record to document Ms. Paul's non-appearance. A true and correct copy of the transcript of the statements made on the record are submitted herewith under Appendix 2, Exhibit "C".

    d.    Robert Allan Holstein – Mr. Holstein did not appear for his Court-ordered and noticed deposition on April 18, 2016, at 2:00 p.m.  A true and correct copy of the transcript certifying Mr. Holstein's non-appearance is submitted herewith under Appendix 2, Exhibit "D".

    e.    Tige Johnson – Mr. Johnson communicated with Class Counsel and indicated that he would be out of the country on April 18th.  Therefore, he he did  not appear for his Court-ordered and  noticed deposition on April 18, 2016, at 4:00 p.m.  A true and correct copy of the transcript certifying Mr. Johnson's non-appearance is submitted  herewith under Appendix 2, Exhibit "E".

    f.    The depositions of Patrick John Hollins, Shirley Morales, and T. Michael Kennedy were cancelled by agreement, as Hollins and Morales' objections were withdrawn with the approval of the Court by Order dated April 11, 2016.  (Doc. 54).

    2.    On April 20, 2016, Plaintiff filed her Response to the two attorney objections docketed herein at 30 (Cox) and 36 (Bandas/Jabrani).  In the Response, Plaintiff advised the Court that she would file a supplement to the Response with actual transcripts of the depositions taken in this case, as the depositions had just been taken in the two days prior to the deadline for filing her Response.  The transcripts of the depositions are submitted herewith as Appendix 2, Exhibits "A" and "B".  Among the items to note from these depositions are the following:

    A.    Cox Deposition:

        1.    Prior to filing his Objection, Mr. Cox did not conduct any research on what is required to prove willfulness for purposes of the Fair Credit Reporting

   Act.  Appx. 2, Exh. "A", p. 29:3-10.

   2. Prior to filing his Objection, Mr. Cox had not reviewed and was not familiar with the Safeco, Wilting, Levine, and Spokeo decisions that form the backdrop against which this case would be litigated. *Id.*, p. 29:11 – p. 31:6. Notwithstanding this fact, Cox complains that the settlement relief in this case is inadequate.

B. Jabrani Deposition:

   1. Mr. Jabrani admitted that Mr. Bandas's office wholly drafted the objection he filed, and that Mr. Jabrani simply signed it and mailed the objection to the court and counsel.  Appx. 2, Exh. "B", p. 26:22 – p. 28:3.

   2. Mr. Jabrani has never personally met Mr. Bandas.  He first hired Mr. Bandas when he saw an advertisement on Facebook seeking objectors to the CertainTeed Fiber Cement Siding class action settlement. *Id.*, p. 18:1-21.  Mr. Jabrani admitted that he has sent all but one of the class action settlement notices he has received since then to Mr. Bandas, and that Mr. Bandas has drafted objections for him to file pro se as to each such class action settlement. *Id.*, p.32:2 - 33:25.

   3. Mr. Jabrani did not exclude himself from the settlement and pursue his own claim against Chase because that "would cost money", and having Mr. Bandas file an objection does not cost Mr. Jabrani anything.  *Id.*, p.43:3 - 23.

   4. Mr. Jabrani asserted that a $220 million settlement in this case would be the minimum that should be considered adequate, and "that calls for just $100 for doing all of the paperwork, meeting all the deadlines, going through all the homework, and you get a lousy $100." *Id.*, p.61:25 - 62:22.

   5. Mr. Jabrani could not identify a single benefit that his objections have garnered for the classes in the cases in which he has filed objections, nor a single improvement to the settlement terms that such objections have fostered. Id., p.48:19 – 49:5; 54:15 – 25; 60:15

WHEREFORE, PREMISES CONSIDERED, Plaintiff files this Supplement to her Response, providing the Court with transcripts of the depositions taken.

Respectfully submitted,

RILEY & RILEY
Attorneys at Law
320 Lexington Avenue
San Antonio, Texas 78215
(210) 225-7236 Telephone
(210) 227-7907 Facsimile
charlesriley@rileylawfirm.com

By: _*/s/ Charles Riley*_____
　　　CHARLES RILEY
　　　State Bar No. 24039138


LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Dr., Ste. 200
San Antonio, Texas 78228
(210) 522-9500 Telephone
(210) 522-0205 Facsimile
hervol@sbcglobal.net

By:___*/s/ H. Anthony Hervol*_____
　　　H. ANTHONY HERVOL
　　　State Bar No. 00784264



BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By*: /s/Benjamin R. Bingham*_____
　　　BENJAMIN R. BINGHAM
　　　State Bar No. 02322350

**ATTORNEYS FOR PLAINTIFFS**

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves e-mail notification of such filing to the following counsel of record on this 26th day of April, 2016, and a true and correct copy of the above and forgoing has therefore been served on the following counsel of record for the Defendant at the e-mail addresses listed hereunder:

Noah A. Levine
Alan E. Schoenfeld
Fiona Kaye
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
fiona.kaye@wilmerhale.com

Wm. Lance Lewis
Kenneth A. Hill
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com
kenhill@qslwm.com

In addition, the undersigned hereby certifies that the foregoing has been served upon the objecting parties named herein below via the methods indicated hereunder, on April 21, 2016:

Thomas L. Cox, Jr.
7129 Tabor Dr.
Dallas, TX 75231-5647
tcox009@yahoo.com
Via electronic mail and U.S. mail

Marilyn Paul
Individually and c/o R. Holstein
130 N. Garland Court
Chicago, IL  60602
holsteinlaw@sbcglobal.net
Via electronic mail and U.S. mail

Christopher T. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
Attorney for Amirali Jabrani
Via electronic mail and U.S. mail

                                               */s/ H. Anthony Hervol*
                                               H. Anthony Hervol
                                               Co-Class Counsel