IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA MARISOL DUNCAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-14-CA-912-FB |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
|    Defendant. | § | |

### AMENDED ORDER ACCEPTING IN PART
### MEMORANDUM AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Memorandum and Recommendation (docket no. 85) of the United States Magistrate Judge. No objections to the Memorandum and Recommendation have been filed.[1]

Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Instead, the Court must review the Memorandum and Recommendation to determine whether its reasoning is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

The Magistrate Judge recommends that plaintiff's motion for final approval of this class action settlement be granted, as modified (docket no. 57), with the settlement class being certified; the proposed settlement in the amount of $8,750,000.00 being approved as fair, reasonable, and adequate.

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 636(b)(1). Service upon a party may be made by mailing a copy to the party's last known address or by electronic means. FED. R. CIV. P. 5(b)(C), (E). Service by mail is complete upon mailing. Service by electronic means is complete upon transmission. *Id.*

The Court now turns to the issue of attorneys' fees for Class Counsel. The benchmark for these kinds of cases is 25 to 30 percent of the cash settlement. Class Counsel request 33 1/3% of the cash value of the settlement fund which would also include out of pocket expenses of $24,651.00. Class Counsel also submit and the Court finds, that the Class has benefitted by counsel's efforts because of the injunctive relief obtained for the benefit of the Class and ongoing audit for 3 years to confirm the agreement is being followed.

On information and belief, the Court believes the Class was anticipated to number about 1,000 claimants. Instead, 472,167 class members timely filed claims. The Court has extensive experience in dealing with nationwide class actions. *See Leonel Garza, Jr., et al. v. Sporting Goods Properties, Inc.*, Civil Action No. SA-93-CA-1082-FB, 1996 WL 56247 (W.D. Tex. Feb. 6, 1996) ($12,800,000.00 awarded in attorneys' fees; 477,376 timely filed claim forms received representing 750,372 eligible shotguns); *Jose C. DeHoyos, et al. v. Allstate Indemnity Co.*, SA-01-CA-1010-FB, 2002 WL 1491650 (W.D. Tex. Apr. 5, 2002), *aff'd* 345 F.3d 290 (5th Cir. 2003), *cert. denied*, 541 U.S. 1010 (2004) ($11,720,000.00 in attorneys' fees and expenses). In *Garza* and *DeHoyos*, and no doubt in this case, Defense Counsel are exceedingly and deservedly well compensated. Although the Court is somewhat insulated from contact with the Class and claimants are specifically told not to call the Court, many of them do anyway, creating significant amount of time expended by Court staff. Class Counsel and their staff are not so insulated and experiences tell that these cases take a heavy toll on counsel and staff. Moreover, now that the settlement has been reached, the work continues, sometimes seeming as if it will never end.

Forty years ago, during my brief experience in private practice, I naively took on an opt-in class of 135 clients who alleged they had been defrauded by a resort real estate developer. Dealing with the

defendant was far easier and less time consuming than dealing with 135 clients. Accordingly, I have some feel for what Class Counsel in this and other similar cases deal with.

Accordingly, the Court sets the attorneys' fees for Class Counsel at 30% of the cash recovery after deducting $2,917,000.00 in administrative costs, being 30% of $5,833,000.00 or $1,749,900.00 for attorneys' fees and out of pocket expenses of $24,651.00 now being awarded; administrative costs in the amount of $2,917,000.00 being awarded; and an incentive award in the amount of $10,000.00 being awarded to Eva Duncan.

IT IS THEREFORE ORDERED that the Memorandum and Recommendation (docket no. 85) of the United States Magistrate Judge is ACCEPTED IN PART pursuant to 28 U.S.C. § 636(b)(1) such that this Court: (1) GRANTS Final Approval of the Settlement, excluding from the binding effect of the Judgment all persons who have timely and validly excluded themselves from the Settlement; (2) CERTIFIES for settlement purposes the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (3) APPROVES the requested Service Award for the Class Representative in the amount of $10,000.00; (4) GRANTS In PART the objections to the attorneys' fees and OVERRULES all other objections; (5) AWARDS Class Counsel attorneys' fees and expenses, as modified above, taking into consideration the Memorandum and Recommendation; and (6) ORDERS that the cy pres distributions authorized in the Memorandum and Recommendation be PAID DIRECTLY from the settlement fund in accordance with the terms of the Settlement Agreement filed under Docket No. 28-1, with the distribution of such funds as follows: one-half to the National Consumer Law Center and one-half to the National Foundation for Credit Counseling.

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED WITH PREJUDICE.  Motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 20th day of June, 2016.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE