IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 27 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

EVA MARISOL DUNCAN,
PLAINTIFF,

V.

JP MORGAN CHASE BANK, N.A.
DEFENDANT

CIVIL ACTION NO. 14-CV-00912-FB

CLASS ACTION

OBJECTOR THOMAS L.COX JR.'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Pursuant to Federal Rule of Civil Procedure 54(d)(2) and other applicable law, Objector Thomas L. is Cox Jr., a class Members in this action by and through his counsel, hereby submits this motion for an award of attorney's fees and expenses in this matter. In support of this Motion, Objector states:

### I. Introduction

This Motion arises out of the settlement of a Fair Credit Reporting Act class action filed on behalf of all borrowers or guarantors on a Chase account or Chase services account and whose Consumer Information was accessed by Chase through an Account Review Inquiry during the period October 16, 2009 through October 16, 2014 if certain criteria were met. The Court conducted a hearing on the settlement on April 27, 2016. Movant appeared and argued against approval of the settlement.

1

## ATTORNEY'S FEES & EXPENSES

### I.

This motion is filed pursuant to Fed.Civ.R. 54(d) and Local Rule 7-2 and is filed on behalf of Objector Thomas L. Cox Jr., Objector is a class member and who submitted his claim electronically on December 28, 2015 and the claim number is 10394270101 . This motion is filed seeking and award of attorney fees and expenses. In support of this motion movant would show:

### II.

Various objections were filed in this litigation. Four objectors/class members appeared at the hearing and two class members argued against approval.

### III.

This motion encompasses the work of Thomas L. Cox Jr. a licensed Texas attorney since 1974 and all work was done in furtherance of the absent class members.

### IV.

This case was filed on October 16, 2014 and by July 31, 2015 a settlement was announced, DKT #25 and by the Preliminary Approval Order DKT #29 on October 21, 2015 there were only 29 docket entries on the docket sheet when Movant filed his objection.. Under proposed settlement there was a common fund of $8,750,000.00 to be allocated as follows:

$10,000.00 incentive award

$2,917,00.00 for Administrative Costs

$2,916,667.00 to class counsel for attorney fees and expenses

$2,916,222.00 to be distributed to the 472,167 class members who filed claims

2

The Court/Magistrate held the Fairness Hearing on April 27, 2016. Class Counsel, Defendants' counsel and Movant appeared at the Hearing and gave argument for approximately two hours. Movant advised the Court that Class Counsel had only filed summaries of their billing records and not detailed billing records. The Court/Magistrate entered an order the following day requiring Class Counsel to submit itemized time records. Following the Fairness Hearing, the Court/Magistrate amended the proposed settlement agreement to provide an allocation of $714,651.00 in Attorney Fees and recommended the to the Court that the settlement be approved as amended, DKT #85. The Court accepted the Magistrate Judge's recommendation in part, but raised the award of attorney fees to $1,749,000.00 or 30% of the common fund, DKT 93.

## V.

Movant believes that the final approved settlement resulted in a significant benefit to the class *vis-a-vis* the proposed settlement.

> Objectors can play a useful role in the courts evolution of the proposed settlement terms…objectors can provide important information regarding the fairness, adequacy, and reasonableness of settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement." Annotated Manual. For Complex Litigation, Fourth §21.643.

Movant believes he has done the above. The portion of the common fund available to the class was increased by $1,167,667.00 and class members will now receive about $2.50 more.

## VI.

3

OBJECTOR THOMAS L.COX JR'S MOTION FOR ATTORNEY FEES AAND EXPENSES

Movant in his objection reminded the Court that this case settled quickly with only 29 docket entries at the time of the settlement, the case appeared to be driven by fees as Class Counsel admitted that they had little chance of success, the fee provision had a "clear sailing" agreement from the defendant, the injunctive relief was of little value, FED. R. CIV 23 requires attorney fees to be reasonable, the Court owed the absent class members a fiduciary duty to review the settlement and the lodestar method should at least be used as a cross check concerning Attorney Fees.

Movants request that the court award them reasonable fees in light of the benefit created for the class. "Compensating counsel for the actual benefits conferred on the class members is the basis for awarding attorney fees. The 'fundamental focus is the result actually achieved for class members'. That approach is premised on finding a tangible benefit actually obtained by the class members". Id. at 21.71

Courts recognize that objectors are entitled to attorney fees if "they improved the settlement, assisted the court, or enhanced the recover for the client,

## CONCLUSION

Movant respectfully request that the Court the Movant Objection and appearance at the Fairness Hearing has which has provided a discernable material pecuniary benefit to the class as the available find to be distributed to class members has increased by $1,167,677.00 . As such ,Movant is entitled to a proportionate share of attorneys' fees, and requests an award of fees and costs of an appropriate amount the awards of fees, costs, should be deducted from Class Counsel's fee request.

4

*[signature]*
Thomas L. Cox Jr.
Texas Bar 04964400
7129 Tabor Dr.
Dallas, TX  75231-5647
469-531-3313
tcox009@yahoo.com

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Class Counsel, Ben Bingham and Defense Counsel and that agreement could not be reached and the Motion is presented to the Court for ruling.

*[signature]*
Thomas L. Cox, Jr.

## CERTIFICATE OF SERVICE

I, Thomas L. Cox Jr. hereby certify that on the 24th day of June 2016, a true and correct copy of the Motion for Attorney Fees was served on all counsel of record by United States mail and email.

U.S. District Clerk's Office
655 E. Cesar E. Chavez Blvd.
Room G65
San Antonio, TX 78206

5

OBJECTOR THOMAS L.COX JR'S MOTION FOR ATTORNEY FEES AAND EXPENSES

Riley & Riley
320 Lexington
San Antonio, Texas 78215

Law Office of H. Anthony Hervol
4414 Centerview Dr. #200
San Antonio, TT 78228

Ben Bingham
Bingham & Lea PC
319 Maverick St.
San Antonio, TX 78212


Noah A. Levine Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich St
New York NY 10007

Wm. Lance Lewis
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com

                                      Thomas L. Cox Jr.

OBJECTOR THOMAS L.COX JR'S MOTION FOR ATTORNEY FEES AAND EXPENSES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVA MARISOL DUNCAN,<br><br>    PLAINTIFF,<br><br>V.<br><br>JP MORGAN CHASE BANK, N.A.<br><br>    DEFENDANT | CIVIL ACTION NO. 14-CV-00912-FB<br><br><br>CLASS ACTION |

Thomas L. Cox Jr., declare as follows:

I have personal knowledge of the facts set forth herein and if called as a witness and would testify competently thereto.

Thomas L. Cox Jr. is responsible for all aspects of this case, reviewing settlement papers, pleadings and other filings. I was deposed by class counsel and attended the Fairness Hearing in San Antonio on April 27, 2016.

I am a 1974 graduate of the SMU School of law and have been a licensed Texas attorney since 1974.

My professional experience is as follows:

**Professional Experience:**

**The Cox Firm (January 1, 2012 through present)**
General Practice

**General Counsel Phytel Inc. (December 2013 to September 2015 )**

Phytel is a software development company that develops and markets products for the Healthcare Industry. Duties included managing the legal department, contracts, reimbursement and compliance.

**The Sibley, Gleitz & Cox Firm, Partner (January 2005 to January 1, 2012 )**

Area of Practice Health care including Stark Law, Reimbursement Matters, State Administrative Practice, Medical Staff Matters, Healthcare Operations, HIPPA, Formation and Merger of Healthcare Entities, Medical Malpractice and Real Estate.

**General Counsel (May 1979 to December 2004)**
**Dallas County Hospital District/Parkland Health & Hospital System– Dallas, Texas**
DCHD/PHHS consists of the main hospital, many community clinics, and Parkland Community Health Plan, HMO.

Manage all legal activities for the Hospital District, including health care law, employee relations, workers' compensation, medical malpractice (including all litigation), administrative law, contract negotiation, real estate, regulatory, reimbursement, compliance, collections. Participate in government affairs at state level including drafting legislation and regulations. Coordinate hospital insurance program over one billion in real property, past chairman of DCHD's Ethics Committee, and co-chair of Corporate Compliance Committee. Representation of DCHD/PHHS and employees before various agencies.

Currently licensed to practice: State of Texas, Northern and Southern Districts, Federal District Courts, Fifth, Sixth, Seventh, Ninth, Tenth Circuits, and Court of Claims. Licensed in Texas since 1974.

Significant Litigation:
*Hatley v. Kassen*, use or misuse of property under the Texas Tort Claims Act.

*Violette v. City of Dallas, et al.,* medical malpractice is not a violation of federal civil rights statutes.

The time and expenses I have spent on this case as of June 24, 2016 is in the attached Document. I expect to have another ten hours in time and travel expenses for the forthcoming hearing if Class Counsel continues to contest Movant's right to fees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

_____
Thomas L. Cox Jr.
Texas Bar 04964400
7129 Tabor Dr.
Dallas, TX  75231-5647
469-531-3313
tcox009@yahoo.com

| 24-Jun-16 | Chase FRCA time record |
|---|---|
| | Period: December 27, 2015 through June 24, 2016 |
| | Total Hours: 39 hours at $400 per hour |

| Date | Time | Services |
|---|---|---|
| Total Hours | 39.1 | |
| 12/28/2015 | 1 hr | Review notice received, review nd download documents on settlement website  file claim electonically |
| 12/292015 | 2 hr | Review Plaintiff's Complaint and Settlement Agreement |
| 12/30/2015 | .5 hr | Review Preliminary Order |
| 2/12/2016 | 3 hr | Begin draft of Objection |
| 2/15/2016 | 2 hr | Finalize and Mail Objection |
| 2/23/2016 | 1.5 hr | email from Ben Bingham containing  MOTION and Brief for Approval of Service Award to the Class Representative and for Approval of Award of Class Counsels' Attorneys' Fees and Expenses |
| 3/22/2016 | .50 hr | Review DKT 33 MOTION for Approval of Cy Pres Designations |
| 4/1/2016 | 0.1 | email from Ben Bingham requesting deposition |
| 4/4/2016 | 0.1 | Email to Ben Bingham declining to appear for deposition and reponse |
| 4/4/2016 | 0.1 | Email from Ben Bingham concerning class membership and response |
| 4/4/2016 | 0.1 | Email from Ben Bingham concerning my wife and response |
| 4/4/2016 | 0.5 | Download from Pacer Goldman, Gors, Hoolis-Morales, Paul, Rodriguez and Jabrani Objections |
| 4/5/2016 | 0.1 | email from and to Ben Bingham concerning my Chase accounts, HELOC and Mortgage |
| 4/5//2016 | 0.25 | Receipt and review of deposition notice from Charlie Riley |
| 4/6/2016 | 0.1 | Email from Ben Bingham containing order granting deposition |

| Date | Hours | Description |
|---|---|---|
| 4/11/2016 | 0.1 | Review of Order concerning Gors objection |
| 4/11/2016 | 0.1 | Receipt and review of deposition notice for Jabrani |
| 4/12/2016 | 1.5 | Receipt and review of Motion to Strike objection of Paul. Read cases cited in Motion |
| 4/12/2016 | 0.1 | Email with amended depositin notice from Charlie Riley |
| 4/12/2016 | 0.5 | Email from Ben Bingham concerning class membership and response |
| 4/13/2016 | 0.5 | Research on issue of commonality |
| 4/13/2016 | 0.1 | email from Anthony Hervol concerning Motion for Final Approval |
| 4/18/2016 | 3 hr | Deposition of Cox taken in Dallas |
| 4/21/2016 | 2 hr | email from Ben Bingham with Response to Objections |
| 4/25/2016 | 4 hr | Review of Motion for Final Approval and Response to objections |
| 4/27/2016 | 8 hr | Travel to San Antonio and attendance at the Fairness Hearing |
| 4/28/2016 | 0.25 | Email from Ben Bingham concerning prior objections and response |
| 5/27/201 | 3 hr | Download and review Judge Primomo's Memorandum and Recommendation |
| 6/20/2016 | 1 hr | Download and review Order and Amended Order Accepting in Part Memorandum and Recommendation of the Magistrate Judge |
| 6/22/2016 | 0.1 | Email to Ben bingham and from him concerning fees concerning Motion for Fees |
| 6/23/2016 | 3 hr | Draft Motion for Fees and Affidavit |
| Expenses 4/27/2016 | | Travel to San Antonio and attendance at the Fairness Hearing 603 miles at .54=$327.24 |