**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EVA MARISOL DUNCAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:14-cv-00912-FB** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO OBJECTOR THOMAS L. COX JR.'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES (Doc. 95)**

**TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE:**

Now comes Eva Marisol Duncan (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through their attorneys, who make this response to Objector Thomas L. Cox Jr.'s Motion for an Award of Attorneys' Fees and Expenses (Doc. 95) and respectfully shows:

1.      On June 20, 2016, the Court entered an Amended Order and Judgment approving the settlement of this consumer class action case. (Docs. 93 and 94).  On June 27, 2016, *Pro Se* Objector Thomas L. Cox, Jr., an attorney licensed to practice law in the State of Texas, filed herein a Motion for an Award of Attorneys' Fees and Expenses (Doc. 95) (hereinafter "the Motion").  Despite the requirements set forth in Fed. R. Civ. P. 54(d)(2)(B), Objector Cox does not state in the Motion exactly what amount he seeks, nor cite to any legal authority supporting the request.[1]  Instead, Cox states in his prayer that he is entitled to a "proportionate share of attorney's fees" to be "deducted from Class Counsel's fee request."  While the Motion appears to

---

[1] Objector Cox does cite to two provisions from the Manual for Complex Litigation, Fourth; however, both of the cited sections deal with fee awards to Class Counsel as opposed to fee awards to objectors.

include a two page time and billing statement which adds up to almost $16,000.00, the Motion does not contain the information and affidavit required by Local Rule CV-7(j), nor any discussion of the twelve *Johnson* factors required in this Circuit.[2]   However, even without the noted procedural defects, the Motion should be denied because *pro se* attorney-objectors in a class action case are not entitled to an award of attorney fees.  *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 132, fn.6 (S.D.N.Y., 2009) (*citing In re Texaco Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 173 (S.D.N.Y. 2000), *aff'd* 28 Fed. App'x 83 (2d Cir. 2002); *Pietroangelo v. U.S. Army*, 568 F.3d 341 (2d Cir. 2009) (denying fees to *pro se* attorney); *Zucker v. Westinghouse Elec. Corp.*, 374 F.3d 221, 228-29 (3d Cir. 2004) (holding that a shareholder-objector who represents himself as a *pro se* lawyer is not entitled to attorney's fees under the common fund doctrine)).  *See also, McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 817-818 (E.D. Wis. 2009) ("[t]here is considerable authority stating that a court should not award attorneys' fees to a *pro se* litigant who is also an attorney") (*citing In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) (citations omitted)).  Furthermore, even outside of the class action context, Courts have held that a pro se litigant who is an attorney is not entitled to an award of attorney's fees.  *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435–38 (1991) (holding that a *pro se* litigant who is also a lawyer cannot be awarded attorney's fees, even where the statute provides for recovery of fees); *Vaksman v. C.I.R.*, 54 F. App'x 592, No. 02–60062, 2002 WL 31730351, at *3 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not entitled to attorney fees because, quite simply, he did not actually 'pay' or 'incur' attorney fees."); *Schaunfiedl v. Bank of Am.*, No. 3:12–CV3859–B, 2013 WL 1846838, at *4 (N.D. Tex. Apr. 24, 2013).  This rule has also been applied specifically in cases

---

[2] *Johnson v. Ga. Highway Express, Inc.*, 488 F. 2d 714, 717-719 (5th Cir. 1974), *overruled on other*

brought under the Fair Credit Reporting Act such as the present case. *See, e.g.*, *Morris v. Equifax Info. Servs., LLC*, 2005 U.S. Dist. LEXIS 45959, at *6; *Menton v. Experian Corp.,* No. 02 Civ. 4687(NRB), 2003 U.S. Dist. LEXIS 12457, at *9–11, 2003 WL 21692820 (S.D.N.Y. July 21, 2003).

2.      In light of the forgoing, Plaintiff asserts that *pro se* attorney-Objector Thomas L. Cox, Jr.'s request for an award of attorney's fees and expenses should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Court deny Objector Thomas L. Cox Jr.'s Motion for an Award of Attorneys' Fees and Expenses, and for such other and further relief to which Plaintiff and the Class may be justly entitled.

Respectfully submitted,

RILEY & RILEY
Attorneys at Law
320 Lexington Avenue
San Antonio, Texas 78215
(210) 225-7236 Telephone
(210) 227-7907 Facsimile
charlesriley@rileylawfirm.com

By: ___*/s/ Charles Riley*_____
        CHARLES RILEY
        State Bar No. 24039138

LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Dr., Ste. 200
San Antonio, Texas 78228
(210) 522-9500 Telephone
(210) 522-0205 Facsimile
hervol@sbcglobal.net

By:___*/s/ H. Anthony Hervol*_____
        H. ANTHONY HERVOL
        State Bar No. 00784264

---

*grounds sub nom. Blanchard v. Bergeron*, 489 U.S. 87 (1989).

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By: /s/Benjamin R. Bingham
     BENJAMIN R. BINGHAM
     State Bar No. 02322350

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves e-mail notification of such filing to the following counsel of record on this 11th day of July, 2016, and a true and correct copy of the above and forgoing has therefore been served on the following counsel of record for the Defendant at the e-mail addresses listed hereunder:

Noah A. Levine
Alan E. Schoenfeld
Fiona Kaye
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
fiona.kaye@wilmerhale.com

Wm. Lance Lewis
Kenneth A. Hill
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com
kenhill@qslwm.com

In addition, the undersigned hereby certifies that the foregoing was also served upon the party named below via the methods indicated hereunder, on July 11, 2016:

Thomas L. Cox, Jr.
7129 Tabor Dr.
Dallas, TX 75231-5647
tcox009@yahoo.com
Via electronic mail and U.S. mail


_/s/ H. Anthony Hervol_
H. Anthony Hervol
Co-Class Counsel